07-CV-05374-CMP

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STORMANS, INCORPORATED doing business as RALPH'S THRIFTWAY; RHONDA MESLER, MARGO THELEN<br>Plaintiffs,<br>vs.<br>MARY SELECKY, Acting Secretary of the Washington State Department of Health; LAURIE JINKINS, Assistant Secretary of Washington Health Systems Quality Assurance; GEORGE ROE, SUSAN TIEL BOYER, DAN CONNOLLY, GARY HARRIS, VANDANA SLATTER, REBECCA HILLE, ROSEMARIE DUFFY, Members of the Washington Board of Pharmacy; KATHY BAROS FRIEDT, ELLIS CASSON, DEBORAH SIOUS CANO-LEE, JERRY HEBERT, SHAWN MURINKO, Commissioners for the Washington Human Rights Commission; MARK BRENMAN, Executive Director of the Washington Human Rights Commission,<br>Defendants. | C 07-5374 RBL<br><br>COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DECLARATORY AND INJUNCTIVE RELIEF<br><br>Civil Action No. _____ |

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 1

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565 Fax: 206•625•1052

## INTRODUCTION

1. Plaintiffs' rights of conscience, secured by the First and Fourteenth Amendments of the United States Constitution and Title VII, are violated by regulations adopted by the Washington Department of Health and Board of Pharmacy and the Washington Human Rights Commission's threatened enforcement of RCW 49.60 against Plaintiffs. The Department of Health, Board and Human Rights Commission (Commission) seek to coerce Plaintiffs into choosing between their livelihoods and their deeply-held religious and moral beliefs.

2. The newly-passed regulations mandate that Plaintiffs stock and dispense "the morning after pill" or "Plan B." Scientific evidence strongly suggests this pill can prevent the implantation of a fertilized egg. Plaintiffs, who are health-care providers, believe human life begins with fertilization and that only God should determine the beginning and end of life. Their religious beliefs prevent them from taking part in the destruction of human life. This action seeks to preserve Plaintiffs' unalienable right of conscience on matters of religious and moral conviction free of government coercion.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343, 1367, 2201 and 2202, and under 42 U.S.C. §§ 1983 and 1988.

2. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because the claims arose there and Defendants reside there.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 2

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206-682-0565 Fax: 206-625-1052

## IDENTIFICATION OF PARTIES

3. Plaintiff Stormans, Incorporated is a fourth-generation family-owned business. Stormans, Inc. owns and operates two grocery stores in Olympia, Washington: Bayview and Ralph's Thriftway stores.

4. Plaintiffs, Rhonda Mesler and Margo Thelen, are residents of the state of Washington and are pharmacists licensed by the State of Washington and work at pharmacies within the State.

5. Defendants, and each of them, are appointed government officials in Washington State.

6. Mary Selecky serves as the Secretary of the Washington State Department of Health. Laurie Jinkins is an Assistant Secretary responsible for the Washington Health Systems Quality Assurance. George Roe, Susan Tiel Boyer, Dan Connolly, Gary Harris, Vandana Slatter, Rebecca Hille, and Rosemarie Duffy serve as members of the Washington Board of Pharmacy.

7. Kathy Baros Friedt, Ellis Casson, Deborah Sious Cano-Lee, Jerry Hebert and Shawn Murinko are commissioners for the Washington Human Rights Commission and Mark Brenman is the executive director of the Commission.

8. Defendants Selecky, Jinkins and members of the Board of Pharmacy are responsible for the promulgation, interpretation, application, and enforcement of the challenged Rules. The commissioners of the Human Rights Commission and Brenman are responsible for the interpretation, application and enforcement of RCW 49.60, Washington's Laws Against Discrimination.

9. All Defendants are sued solely in their official capacities.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 3

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206·682·0565  Fax: 206·625·1052

## FACTUAL ALLEGATIONS

10. Approximately 1,370 licensed pharmacies serve the public in Washington State. The public can also obtain Plan B through physicians' offices, certain government health centers, hospital emergency rooms, Planned Parenthood and even through the Internet.

11. The result of a survey conducted by the Washington State Board of Pharmacy (Board) during the rule-making process that resulted in the regulations challenged by this suit, indicate that 77% of the respondent pharmacies stock Plan B and only two respondent pharmacies do not stock Plan B for religious reasons. Seventy-two percent of the respondent pharmacies had less than 25 requests for Plan B per year, or two or less per month. Thirteen percent responded that their pharmacies had between 26 and 50 requests per year, or less than four per month.

12. The Board did not receive any formal complaints regarding the unavailability of Plan B until April 13, 2006, after it had already begun considering new regulations.

### The New Pharmacist and Pharmacy Regulations

13. Despite the weak demand for Plan B, its wide availability and the lack of complaints, the Board expressed concern that a pharmacist may decline to dispense Plan B due to moral or religious objections after it allegedly received inquiries from undisclosed sources.

14. In July 2005, the Washington State Pharmacy Association (WSPA) created an ad hoc committee to propose a WSPA position statement on conscience rights. Members of the Board informally asked the WSPA to report its findings to the Board.

15. The WSPA recommended that the Board recognize a right of conscientious objection to dispensing certain medications.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 4

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

16. The WSPA's recommendation is supported by existing Washington statutory law, which already extends to pharmacists and pharmacies the "fundamental right" of conscientious objection. RCW 48.43.065(1)-(2)(a); RCW 70.47.160(1)-(2)(a).

### Rule Making Process that Led to Final Regulations

17. On March 10, 2006, Planned Parenthood and the Northwest Women's Law Center, organizations which publicly oppose allowing pharmacies and pharmacists to refuse to sell or dispense Plan B on religious grounds, gave a presentation to the Board urging it to adopt a rule requiring pharmacies to stock Plan B and pharmacists to dispense the drug.

18. On June 1, 2006, the Board met and reviewed "Washington laws related to conscience clauses and discrimination." The Board rejected a rule that would have required pharmacists to fill all prescriptions. Instead, the Board voted unanimously to accept a new draft rule, which affirmed the right of conscience. The WSPA supported this rule. (Original Rule, Exhibit A).

19. By letter dated June 1, 2006, Governor Christine Gregoire told the Board that she "strongly oppose[d] the draft pharmacist refusal rules recommended by the Washington State Board of Pharmacy.... I have stated my position in two letters, dated January 18th and May 31st of this year, emphasizing that no one should be denied appropriate prescription drugs based on the personal, religious, or moral objection of individual pharmacists."

20. At a press conference later that week, Governor Gregoire said the Board "had made a mistake" and that she would "help them get the right answer." To that end, she also

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 5

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206-682-0565 Fax: 206-625-1052

stated publicly that she would consider the removal of Board members who supported the right of conscience from their positions in the next legislative session.

21. On August 28, 2006, the Governor sent a fourth letter to the Board. She proposed an alternative rule that eliminated a right of conscience for pharmacies and pharmacists who work as the only pharmacist on duty at their pharmacies. (Governor's Proposal, Exhibit B).

22. Three days later, the Board voted to "reconsider" its conscience clause rule, the first step to abandoning its Original Rule.

23. On April 12, 2007, the Board voted unanimously in favor of adopting the substantive provisions of the Governor's Proposal, codified as WAC 246-863-095 and WAC 246-869-010. These regulations will become effective July 26, 2007.

### Final Regulations Adopted by the Board

24. According to the Board, "the rules were sparked by complaints that some pharmacists and pharmacies refused to fill prescriptions for …morning after birth control pills or Plan B drugs." The Board contends that WAC 246-863-095 and WAC 246-869-150 require a pharmacy to ensure that Plan B is dispensed and that a pharmacy must stock Plan B if requested by a patient. (Department of Health News Release, Exhibit C).

25. The Board has explained that the new Rules, WAC 246-869-010 and WAC 246-863-095 (the Rules), prohibit a pharmacy from deciding not to stock Plan B for moral or religious reasons. It follows that the Board prohibits a pharmacy that stocks Plan B from accommodating a pharmacist with a moral or religious objection unless the pharmacy can provide a second pharmacist, who without such objection, will dispense Plan B without any delay.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 6

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

26. The Rules also prohibit a pharmacy and pharmacist from discriminating "against a patient or their agent in a manner prohibited by state or federal laws".

27. During the Board's consideration of the Rules, the Washington Human Rights Commission, the state agency charged with the interpretation and enforcement of RCW 49.60, Washington's Laws Against Discrimination, provided the Board with written and oral testimony. In the Executive Director's letter to the Board, he urged the Board to reject any conscience right for pharmacists or pharmacies. The Executive Director wrote:

> It is illegal and bad public policy to permit pharmacists to deny services to women based on the individual pharmacist's religious or moral beliefs. We have examined the issue from federal and state law perspectives, from the public interest, and from possible defenses and compromises that could be raised and made. On no ground would refusal to fill a lawful prescription for emergency contraception be appropriate. Medical decisions must be made between a woman and her physician - not by the pharmacy owner or pharmacist. The Board should establish a policy requiring that pharmacists in the State of Washington to fill all lawful prescriptions, or be denied the right to practice pharmacy.

(Human Rights Commission Letter, dated April 17, 2007, p. 12, Exhibit D).

28. The Executive Director further stated in his letter that a pharmacist who refuses to dispense Plan B due to a religious objection engages in sex discrimination in violation of RCW 49.60 even if another pharmacist at the pharmacy dispenses the drug. According to the Human Rights Commission, the pharmacist exposes herself and her employer to liability in these situations. (Human Rights Commission Letter, pp. 4-5, Exhibit D).

29. The Director's letter also concluded that failure to stock Plan B, even where the demand is low, is a violation of RCW 49.60 when the predominant reason the

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 7

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

pharmacy did not stock the drug is religious. (Human Rights Commission Letter, p. 11, Exhibit D).

### The Board's Investigation of Ralph's Thriftway

30. On or about May 2006, as the WSPA and Board were addressing the conscience rights issue, Kevin Stormans, part owner of Ralph's, received a public inquiry asking whether the store carried Plan B. At the time, Stormans did not know whether Ralph's carried Plan B nor did he know much about the drug. A pharmacy employee told Stormans that Ralph's did not carry Plan B because patients had not requested it. Stormans told the caller that the store did not carry the product.

31. Shortly thereafter, Stormans began receiving inquires from unidentified individuals complaining that Ralph's should stock Plan B. These inquiries prompted Stormans to research Plan B and its effects.

32. Based on data from the United States Food and Drug Administration and other sources, Stormans concluded that even if customers should request Plan B, Ralph's could not sell it based on religious and moral grounds. Stormans learned that Plan B can stop the implantation of a fertilized egg or embryo. Stormans believes that Scripture and science support the conclusion that life begins with fertilization. Stormans' religious beliefs prevent him from selling a drug that intentionally terminates innocent human life.

33. After Ralph's made its objection known to those who inquired, activist Janet Blanding organized a boycott and staged regular and ongoing protests against Bayview and Ralph's Thriftway stores.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 8

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

34. On or around that same time, an employee of the Governor informed Ralph's that the Governor's Mansion would no longer purchase groceries from the store and wished to close their charge account because Ralph's had expressed a religious objection to selling Plan B. The Governor's Mansion had purchased groceries on a regular basis from the stores for over 16 years.

35. Blanding told a local newspaper that she presented a Plan B prescription to Ralph's in July 2006 and that Ralph's would not fill the prescription. On information and belief, Blanding contacted other activists to present Ralph's with Plan B prescriptions. As with other drugs that are not in stock, Ralph's provided the activists with a list of nearby pharmacies where they could purchase the drug.

36. Blanding and her fellow activists filed complaints with the Washington Board of Pharmacy against Ralph's.

37. The Board of Pharmacy initiated an investigation of Ralph's pharmacist. The investigator questioned Kevin Stormans about the store's position. Stormans provided a written statement to the investigator on October 13, 2006. In late 2006, the Board notified Stormans and the pharmacist that it had closed the investigation and would not discipline Ralph's pharmacist.

38. In January 2007, the Board initiated a new investigation against Ralph's.

39. On information and belief, the investigation is concluded and the Board has referred the matter to its legal counsel for final review.

### The Impact of the Regulations on the Pharmacist Plaintiffs

40. Plaintiff Rhonda Mesler is a licensed pharmacist employed in Washington State. Mesler has served as a pharmacist for 17 years. She received her Bachelor of

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 9

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

Pharmacy from Washington State University in 1989. Mesler has practiced in Washington State throughout her career and currently serves as a pharmacy manager.

41. Mesler is the primary financial provider for her husband and three children. Mesler's husband is a private school teacher. The Mesler family relies heavily on Mesler's income including paying for significant expenses incurred in caring for one of their children, who is adopted and suffers from health problems. This child must live in a home for children with similar needs.

42. From childhood, Mesler wanted to serve as a health-care provider. She has spent thousands of dollars to obtain her Bachelor of Pharmacy degree. She is grateful for the opportunity to help others and provide excellent health care to the community. Practicing pharmacy, particularly in a smaller community, has allowed Mesler to develop personal relationships with customers. She finds great fulfillment in advising and counseling her patients regarding appropriate medications and their use.

43. As a Christian committed to her faith, one of Mesler's core beliefs is that God creates human life when an egg is fertilized. Plan B can prevent implantation of a fertilized egg and acts as an abortifacient. Mesler's religious beliefs prevent her from dispensing a drug that destroys human life.

44. Upon her hire, Mesler informed her current employer that she could not dispense Plan B for religious and moral reasons. Mesler is the only pharmacist on duty during her shift. With her employer's permission, she has referred the few patients seeking Plan B to nearby pharmacies. Her employer has told her that it cannot hire a second pharmacist to dispense Plan B. Because Mesler's convictions prohibit her from

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 10

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206-682-0565  Fax: 206-625-1052

dispensing Plan B and the Board has said the pharmacy must dispense the drug, Mesler expects to be fired from her position after the Rules become effective.

45. Plaintiff Margo Thelen has served as a licensed pharmacist for 35 years. She graduated with a Bachelor of Science in Pharmacy at Oregon State University in 1972. She has passed practice examinations in Washington and Oregon and has completed additional training related to her practice.

46. Thelen aspired to be a pharmacist from the time she attended Middle School. She enjoys many aspects of pharmacy. Thelen takes great pride in doing her job well, with great accuracy and giving her customers excellent service. She finds interaction with the patients to be extremely satisfying. She also speaks Spanish and enjoys serving the Spanish-speaking community.

47. Over the years, she has used her skills to serve her local community and to support her four children and others. Thelen and her family have had to rely heavily on Thelen's income and benefits because her husband is retired. Thelen also provides financial support and care for one of her grandchildren. The health benefits provided by Thelen's employer are essential to her family.

48. Until June 2007, Thelen served as a staff pharmacist in a Washington retail pharmacy. Upon her hire, Thelen informed her employer that her deeply-held religious beliefs prevented her from dispensing Plan B. Like Stormans and Mesler, Thelen understands that Plan B can prevent implantation of a fertilized egg. Thelen's religious faith teaches that although the physical structure of the new life is not yet complete, God has nonetheless created human life with a soul once fertilization occurs. As a health-

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 11

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

care provider and a Christian, Thelen believes it would be immoral to dispense a drug that terminates that life.

49. During her employment, no more than four customers requested that Thelen fill a Plan B prescription. With the approval of her employer, Thelen referred those four customers to nearby pharmacies.

50. When Thelen learned that the Board of Pharmacy passed the new regulations, she contacted the Board to make sure she understood them. A representative of the Board told Thelen that the new regulations required her store to dispense Plan B upon a patient's request.

51. Thelen's employer informed her that it could not hire another pharmacist to work with her or to remain on call. Thelen was forced to leave her employment.

52. Thelen was unable to find a pharmacy position within her local community. She had to accept a job with a much longer commute, less income, and work hours that keep her away from home until nearly 10:00 p.m. on many work nights.

53. For the time being, Thelen's new employer has agreed to try to accommodate her religious convictions, but this accommodation is not guaranteed indefinitely. If Thelen's supervisor changes or her work circumstances change, she could lose her position because of her religious objection. The new regulations would also continue to substantially limit her future work opportunities.

54. As a direct result of Defendants' enactment, promulgation, enforcement and threatened enforcement of the Rules and RCW 49.60, each of Plaintiffs has been and will continue to be deprived of fundamental constitutional and statutory rights under federal law.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 12

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565 Fax 206•625•1052

55. The enactment, promulgation, enforcement and threatened enforcement of the Rules and RCW 49.60 have caused and continue to cause irreparable harm to Plaintiffs for which they have no adequate remedy of law.

56. Defendants are "persons" for purposes of the complaint, as this term is used in 42 U.S.C. § 1983.

57. All of the conduct of Defendants as set forth in this complaint constitutes conduct "under the color of state law" as that phrase is used in 42 U.S.C. § 1983.

## COUNT I

## EQUAL PROTECTION VIOLATION

58. Plaintiffs incorporate by reference all preceding paragraphs.

59. Washington law requires all pharmacists to receive extensive education and training before the State will grant a license to practice to a pharmacist. All pharmacists must obtain continuing education. Pharmacists are governed by regulations that outline professional standards and conduct throughout their profession. Despite the fact that each pharmacist is similarly-situated with regard to their licensing, training and authority to prescribe, the new Rules treat pharmacists unequally based on the decisions of others.

60. The new Rules protect a pharmacist with a religious objection to dispensing Plan B from violating her conscience when another pharmacist is on duty and can dispense the drug. But a pharmacist who works in a pharmacy that does not have a second pharmacist on duty must violate her conscience and dispense the drug or expose her license and the license of her employer to disciplinary action, including revocation of that license.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 13

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206-682-0565  Fax 206-625-1052

61. By protecting a right of conscience for pharmacists who work in stores where a second pharmacist is on duty who will dispense Plan B, but denying that right to pharmacists who work alone, the Rules treat Plaintiffs differently from other similarly-situated pharmacists on the basis of their religious belief and in violation of the Equal Protection Clause of the United States Constitution.

62. Separately, Washington law provides clear conscience rights to pharmacists and pharmacies when filling prescriptions presented by enrollees in insurance plans.

63. RCW 48.43.065(1)-(2)(a) and RCW 70.47.160(1)-(2)(a) provide:

> (1) The legislature recognizes that every individual possesses a fundamental right to exercise their religious beliefs and conscience. The legislature further recognizes that in developing public policy, conflicting religious and moral beliefs must be respected....
>
> (2)(a) No individual health care provider, religiously sponsored health carrier, or health care facility may be required by law or contract in any circumstances to participate in the provision of or payment for a specific service if they object to doing so for reason of conscience or religion. No person may be discriminated against in employment or professional privileges because of such objection.

64. RCW 48.43.005(16)(a) defines "health care provider" as any person regulated under Title 18 or chapter 70.127 RCW, to practice health or health-related services or otherwise practicing health care service in this state consistent with state law.

65. Pharmacies and pharmacists are health-care providers and "persons" regulated under RCW 18.

66. While Washington statutes provide the right of conscience for pharmacies and pharmacists who dispense Plan B to enrollees in health care plans, the Rules and the Commission seek to deny that same right to the same pharmacies and pharmacists when delivering or dispensing Plan B to non-enrollees.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 14

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

67. In addition, the Commission's selective threatened enforcement of RCW 49.60 against Plaintiffs, but not other health-care providers, violates the Equal Protection Clause. On information and belief, the Commission does not enforce RCW 49.60 against health-care providers who refuse on conscience grounds to participate in abortions or related services. Therefore, the Commission may not treat a pharmacist or pharmacy, different than other health-care providers who assert a religious objection to performing certain services.

68. Defendants conduct cannot be justified by a compelling governmental interest nor is it narrowly tailored to advance any such interest.

69. The Rules and the Human Rights Commission's threatened enforcement of RCW 49.60 treat Plaintiffs differently from other similarly-situated pharmacies and pharmacists on the basis of their religious belief and in violation of the Equal Protection Clause of the United States Constitution.

## COUNT II

## TITLE VII SUPREMACY CLAUSE VIOLATION

70. Plaintiffs incorporate by reference all preceding paragraphs.

71. Under the provisions of 42 U.S.C. 2000e-7, any state law "which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter" is presumptively invalid and unenforceable under the Supremacy Clause of Article VI of the U.S. Constitution.

72. The Civil Rights Act of 1964, 42 U.S.C. 2000e-2 prohibits employers from discriminating against any employee with respect to religion.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 15

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565 Fax 206•625•1052

73. The Rules and Human Rights Commission purport to permit (if not require) Washington employers such as Stormans to take adverse employment action against individual pharmacists such as the plaintiff pharmacists based on their religious beliefs and practices, "an unlawful employment practice" under Title VII, 42 U.S.C. 2000e-7 and Article VI of the United States Constitution.

## COUNT III

## FREE EXERCISE VIOLATION

74. Plaintiffs incorporate by reference all preceding paragraphs.

75. Plaintiffs object to dispensing Plan B on the basis of a sincerely-held religious belief.

76. Plan B can prevent the implantation of a fertilized egg. Plaintiffs believe the Holy Scriptures guide their moral standards and conduct and that Scripture and science support the fact that life begins with fertilization. Plaintiffs believe Plan B is an abortifacient. Their religious beliefs prevent them from taking part in the intentional destruction of a human life.

77. The Rules and Commission impose substantial burdens and penalties on Plaintiffs by making them choose between their livelihood as health-care providers and their exercise of religion.

78. The Rules and the Commission's threatened enforcement seek to intentionally suppress the religious practice of persons such as Plaintiffs and allow exemptions for conduct based on secular and non-religious motivations. Thus, they are neither neutral nor generally applicable.

79. Defendants conduct cannot be justified by a compelling governmental interest nor is it narrowly tailored to advance any such interest.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 16

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206·682·0565 Fax: 206·625·1052

80. The Rules and the Commission's threatened enforcement of RCW 49.60 violate Plaintiffs' rights secured to them by the Free Exercise Clause of the First Amendment of the United States Constitution.

## COUNT IV

### PROCEDURAL DUE PROCESS VIOLATION

81. Plaintiffs incorporate by reference all preceding paragraphs.

82. Plaintiffs qualified for and received licenses to practice pharmacy and to dispense pharmaceuticals. By the same, Plaintiffs earn their livelihoods as health-care providers. Their licenses, occupations and business constitute property and liberty interests protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

83. The Commission asserts that health-care providers such as Plaintiffs who do not stock or dispense Plan B due to religious objections violate RCW 49.60. The Commission has effectively coerced the Board into adopting regulations that eliminate Plaintiffs' rights of conscience by overtly threatening the Board and health-care providers with liability for sex discrimination. (Human Rights Commission Letter, Exhibit D). The Commission's threatened enforcement of RCW 49.60 and the new Rules violate Plaintiffs' procedural due process rights by impairing Plaintiffs' property and liberty interests arbitrarily and without legal authority.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 17

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052

## PRAYER FOR RELIEF

84. Wherefore, Plaintiffs pray for relief as follows:

   a. This Court render a Declaratory Judgment, adjudging and declaration that:

      i. As applied, the Rules, which consist of WAC 246-863-095 and WAC 246-869-010, and the Commission's threatened enforcement of RCW 49.60 violate the Equal Protection Clause of the United States Constitution Amendment XIV;

      ii. As applied, the Rules, which consist of WAC 246-863-095 and WAC 246-869-010 and the Commission's threatened enforcement of RCW 49.60, violate Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e(j) and is therefore preempted by Title VII and/or Article VI of the U.S. Constitution;

      iii. As applied, the Rules, which consist of WAC 246-863-095 and WAC 246-869-010, and the Commission's threatened enforcement of RCW 49.60, violate the Free Exercise Clause of the United States Constitution Amendment I;

      iv. As applied, the Rules, which consist of WAC 246-863-095 and WAC 246-869-010, and the Commission's threatened enforcement of RCW 49.60, violate the Procedural Due Process Clause of the United States Constitution Amendment XIV; and

   b. This Court issue a preliminary and permanent injunction prohibiting Defendants from enforcing the Rules and RCW 49.60 against pharmacists and pharmacies that object to dispensing Plan B on moral or religious grounds.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 18

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206·682·0565  Fax: 206·625·1052

c. This Court award Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

d. This Court award such other and further relief as it deems equitable and just.

Respectfully submitted this 25th day of July, 2007.

By: *Kristen K. Waggoner*
Kristen K. Waggoner, WSBA 27790
kwaggoner@elmlaw.com
Steven T. O'Ban, WSBA No. 17265
soban@elmlaw.com
601 Union Street, Ste. 4900
Seattle, Washington 98101
(206) 682-0565
Fax: (206) 625-1052

Benjamin W. Bull (Of Counsel),
Arizona Bar #009940
Byron J. Babione, Arizona Bar #024320*
bbabione@telladf.org
Amy Smith, California Bar #246942*
asmith@telladf.org
ALLIANCE DEFENSE FUND
15333 N. Pima Road, Ste. 165
Scottsdale, AZ 85260
(480) 444-0020
Fax: (480) 444-0028

*Applications for Leave to Appear Pro Hac Vice will be submitted to this Court under separate cover.

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND
DECLARATORY AND INJUNCTIVE RELIEF - 19

ELLIS, LI & McKINSTRY PLLC
Attorneys at Law
Two Union Square
601 Street Suite 4900
Seattle, WA 98101-3906
206•682•0565  Fax: 206•625•1052