The Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

STORMANS, INCORPORATED doing business as RALPH'S THRIFTWAY; RHONDA MESLER, MARGO THELEN,

                        Plaintiffs,

v.

MARY SELECKY, Acting Secretary of the Washington State Department of Health; LAURIE JINKINS, Assistant Secretary of Washington Health Systems Quality Assurance; GEORGE ROE, SUSAN TIEL BOYER, DAN CONNOLLY, GARY HARRIS, VANDANA SLATTER, REBECCA HILLE, ROSEMARIE DUFFY, Members of the Washington Board of Pharmacy; KATHY BAROS FRIEDT, ELLIS CASSON, DEBORAH SIOUS CANO-LEE, JERRY HEBERT, SHAWN MURINKO, Commissioners for the Washington Human Rights Commission; MARC BRENMAN, Executive Director of the Washington Human Rights Commission,

                        Defendants.

Case No. C07-5374-RBL

**REPLY TO OPPOSITION TO MOTION TO INTERVENE**

**NOTE ON MOTION CALENDAR: August 31, 2007**

**Oral Argument Requested**

## I. INTRODUCTION

Plaintiffs cast this case as a narrow dispute involving only themselves and their individual religious-based opposition to Plan B. By doing so, they mislead this Court; their complaint is far more ambitious. It aims to enjoin enforcement of the Pharmacy and Pharmacist Rules against *all other* pharmacists and pharmacies that object to dispensing Plan B. FAC[1] ¶ 84(b). Such objections are not limited—as Plaintiffs suggest—those based on a religious ground but encompass objections based on a moral ground too. *Id.* Moreover, it is clear that should Plaintiffs prevail, *other* pharmacies and pharmacists that raise *other* moral or religious objections to the dispensation of *other* medications—including HIV medication—may be entitled to a similar exemption from the Rules. For these reasons, each of the Proposed Intervenors—who for their own personal reasons desire and need timely access to lawful time-sensitive medication unimpeded by the unpredictable and widely varied personal, moral and religious beliefs of pharmacies and pharmacists—has a significant protectable interest that is threatened by this litigation. That interest is not adequately represented by the existing parties, and therefore the Proposed Intervenors should be permitted to intervene, either as of right or permissively.

## II. ARGUMENT

### A. The Standard for Intervention as of Right Under Rule 24(a) Is Met.

#### 1. A Significant, Legally Protectable Interest Is at Stake.

As demonstrated in their Motion to Intervene and their supporting declarations, the Proposed Intervenors have a significant, legally protectable interest that is threatened by this litigation—ensuring timely access to certain time-sensitive, lawfully medications from pharmacies and pharmacists[2]—that will be directly impacted if Plaintiffs' request for

---

[1] "FAC" refers to the First Amended Complaint filed on July 26, 2007. Dkt. No. 8.

[2] Contrary to Plaintiffs' suggestions, the question of whether the Proposed Intervenors have "significant protectable interests" justifying intervention is not related to the question of whether the Proposed Intervenors are likely to succeed on the merits. By challenging the legal basis for the rights asserted by the Proposed Intervenors, Plaintiffs conflate the threshold question of whether the Proposed Intervenors have legally protectible interests with the question of whether these rights would ultimately prevail in the litigation. *See, e.g.* Opp'n at 4. The question of whether the Proposed Intervenors are likely to prevail is simply not before the Court at this time.

injunctive relief is granted. With the Rules in place, the Proposed Intervenors know they can go to any pharmacy in Washington to obtain Plan B or HIV medications, when they need it. But if Plaintiffs prevail, this will no longer be the case. Because the injunctive relief that Plaintiffs seek would have a direct, immediate, and harmful effect upon the Proposed Intervenors' interest in ensuring timely access those medications (which is currently protected by the Rules), they have satisfied the "interest" test of Fed. R. Civ. P. 24(a)(2). *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 817-18 (9th Cir. 2001) (reversing district court decision denying intervention); *Forest Conserv. Cncl. v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995) (reversing district court denial of intervention and finding that amicus status was insufficient for intervenors to protect their interests). Moreover, the fact that this important interest may be shared by other Washington residents does not minimize it or defeat this Motion. *See U.S. v. City of Los Angeles*, 288 F.3d 391, 402 n.2 (9th Cir. 2002) (noting that community members may have a protectable interest in being free from police misconduct); *State of California v. Bergland,* No. Civ. S-79-523, 1979 U.S. Dist. LEXIS 9503, *19 (E.D. Cal. 1979) (recognizing interests of individuals who use and enjoy areas subject to challenged EIS).

  The cases Plaintiffs cite are distinguishable. *Southern California Edison Co. v. Lynch,* 307 F.3d 794 (9th Cir. 2002) and *U.S. v. Alisal Water Corp.*, 370 F.3d 914 (9th Cir. 2004) both involved intervention requests by creditors seeking to protect debts that were unrelated to the property at issue in the litigation. *Lynch*, 307 F.3d at 803; *Alisal Water*, 370 F.3d at 920. In contrast, the Proposed Intervenors' interests here are directly related to the subject matter of the litigation.

  Finally, Plaintiffs suggest that Proposed Intervenors Ms. Billings and Dr. Schouten have no interest in this litigation because Plaintiffs do not objection to dispensing medication to treat HIV. Opp'n at 6. That is wrong. If Plaintiffs are allowed to refuse to dispense Plan B based on their religious beliefs, there is nothing to preclude another pharmacy or pharmacist from refusing to dispense HIV medications, or any other prescription or restricted access medication, based upon different religious beliefs. Because of the potential ramifications the

relief sought by Plaintiffs would create in other contexts, Ms. Billings' and Dr. Schouten's interests are implicated here. In addition, as a prescribing physician, Dr. Schouten has an interest in ensuring that prescriptions he writes for his patients are honored by pharmacies in a timely manner. Because each of the Proposed Intervenors has a significant protectable interest that is threatened by Plaintiffs' claims, intervention is appropriate.

### 2.     There Is No Adequate Protection for Those Interests.

The Proposed Intervenors have also satisfied the "minimal" showing required on the question of whether their interests will be adequately represented by the existing parties to the litigation. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972). In assessing the question of whether the representation "may be" inadequate, "the focus should be on the subject of the action, not just the particular issues before the court at the time of the motion." *Berg,* 268 F.3d at 823 (internal quotations omitted). Intervention is appropriate even where the intervenors share the same ultimate objective in the litigation and seek to intervene on the side of a governmental body if, for example, the existing parties will not make all the intervenors' arguments. *Id.*; *Central Valley Chrysler-Jeep Inc. v. Witherspoon*, 2005 U.S. Dist. LEXIS 26536, *20-21, No. CV-F-04-6663 REC/JLO (E.D. Cal. Oct. 20, 2005).

Although the Proposed Intervenors share the same ultimate goal as the State Defendants—defending the Rules—their interests are sufficiently different such that intervention is necessary to ensure that they are adequately protected. As the Proposed Intervenors noted in their Motion to Intervene, they do not share the State's interests in connection with the enforcement mechanisms or cost effectiveness of the Rules. As a result of their personal experiences (recounted in their declarations), and based on their need for time-sensitive medications, the Proposed Intervenors have a strong, personal sense of the importance of the protections afforded by the Rules.[3] As a result, the Proposed Intervenors

---

[3] Plaintiffs make much of their claim that the Proposed Intervenors have never been denied access to medication. Opp'n at 2-3, 5, 7, 11. But even assuming that this is correct (and Plaintiffs have not presented any evidence to contradict the evidence put forward by the Proposed Intervenors), this is irrelevant to the question of whether the Proposed Intervenors meet the standard for intervention as of right, which requires only that they have a significant protectable interest in the subject matter of the litigation.

REPLY TO OPPOSITION TO MOTION TO             3
INTERVENE: C07-5374-RBL

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104-7098
Telephone (206) 447-0900

would oppose any compromise, such as a policy of referring patients to other pharmacies. In addition, their perspective will be relevant to the Court when it considers, for example, the basis for the Rules, the interests that they serve, and (if necessary) whether alternatives would suffice. It is one that the State Defendants will not provide.

To the extent that the Proposed Intervenors' interests do coincide with those of the State Defendants', they are more than willing to cooperate and coordinate with the State Defendants in order to avoid duplicative briefing. However, because the Proposed Intervenors' interest may not be adequately represented by the State Defendants, they should be entitled to intervene as of right to protect that important interest.

**B.    The Standard for Permissive Intervention Under Rule 24(b) Is Also Met.**

Plaintiffs' efforts to undermine the Proposed Intervenors' eligibility for permissive intervention under Rule 24(b) are equally unavailing. First, Plaintiffs' contention that Proposed Intervenors lack "independent jurisdiction" because they have "not alleged a protectable interest let alone an injury-in-fact" is unsupported by law. Opp'n at 10. *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094 (9th Cir. 2002), on which Plaintiffs rely, does not require the Proposed Intervenors here to make such an allegation. The Ninth Circuit, in *Kootenai*, required the intervenor there to establish its Article III standing because it was pursuing an appeal independently, *i.e.*, the original party had chosen not to appeal. *Id.* The court made it clear that this determination was separate from the determination whether permissive intervention was appropriate. *Id.* at 1109. *Kootenai* does not hold, as Plaintiffs erroneously suggest, that an intervenor—like the Proposed Intervenors here—must prove the existence of an injury-in-fact to establish the "independent ground for jurisdiction" requirement for permissive intervention. Nor does any other Ninth Circuit case. As the court acknowledged in *Kootenai*, Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Id.* at 1108 (citing *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)). "Close scrutiny of the kind of interest the intervenor is thought to have seems especially inappropriate under Rule 24 since it makes no mention of interest." *Id.* at 1109 (citing 7C Wright, Miller &

Kane, Federal Practice and Procedure § 1911 (2d ed. 1986)).

Further, the question of independent jurisdiction, is not significant here, because jurisdiction in this lawsuit rests on the existence of a federal question. FAC ¶ 1. 7A C. Wright & A. Miller, *Fed. Prac. & Procedure: Civil* § 1917 (2d ed. 1986) ("In federal question cases there should be no problem of jurisdiction with regard to an intervening defendant . . . ."). The Proposed Intervenors do not (and will not) insert any claims or defenses over which there is no federal jurisdiction. Therefore, Plaintiffs' contention that this prong requires that the Proposed Intervenors allege a redressable injury-in-fact is simply wrong. Opp'n at 10.

Plaintiffs' subsequent assertion that the Proposed Intervenors do not share a common question of law and fact with the action is disingenuous. *Id.* at 10-11. The Proposed Intervenors, just like the State Defendants, seek to defend the Pharmacy and Pharmacist Rules against Plaintiffs' claims that those rules violate the United States Constitution. The fact that the Proposed Intervenors' interest in the constitutionality of the Rules stems from different circumstances is irrelevant; those differences will not inject new unrelated claims or defenses into this action. For that reason, this case bears no relation to *Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998), on which Plaintiffs rely. The intervenors there sought to introduce entirely different questions of law and fact—whether *male* employees had been subject to discrimination—into the main action, which involved claims of discrimination by females. *Id.* at 409.

Finally, Plaintiffs' speculation that the inclusion of the Proposed Intervenors into this action will complicate the proceedings and thereby unfairly prejudice them, lacks merit. Opp'n at 11. Indeed, that concern is not shared by the State Defendants, who do not oppose intervention.[4] This Court is perfectly capable of managing this litigation in a fair but expedient fashion. Aside from its inherent powers to do so, this Court has at its disposal the Federal Rules of Civil Procedure, which sets limits on the extent of discovery permissible.

---

[4] The Human Rights Commission Defendants recently joined the other State Defendants, indicating that they do not oppose this motion to intervene. *See* Dkt. No. 75 (Defendants Friedt, Casson, Cano-Lee, Herbert, Murinko and Brenman's Response to Motion to Intervene).

*See, e.g.,* Fed. R. Civ. P. 26-37. As the Ninth Circuit observed in *U.S. v. City of Los Angeles*, "the idea of 'streamlining' the litigation . . . should not be accomplished at the risk of marginalizing those . . . who have some of the strongest interests in the outcome." 288 F.3d at 404 (finding no prejudice that would defeat request for permissive intervention).

### C. The Motion for Intervention Is Timely.

Although Plaintiffs state that the Motion to Intervene is untimely (*see* Opp'n at 3 n.4), they do not substantiate that statement. Nor can they. Proposed Intervenors sought intervention a mere three weeks after Plaintiffs filed this action.[5] Proposed Intervenors also timely lodged an Opposition to Plaintiffs' Motion for Preliminary Injunction and an answer. Rather than prejudice Plaintiffs, such timely filings provide Plaintiffs with proper notice of the claims and defenses asserted by Proposed Intervenors. Such pleadings are required by Rule 24(c), which provides that motions to intervene "*shall be* accompanied by a pleading setting forth the claim or defense for which intervention is sought." (emphasis added).

Plaintiffs' argument that allowing intervention would require that they respond to Proposed Intervenors' opposition to their motion for preliminary injunction, thereby imposing an undue burden and unreasonably delaying resolution of that motion, is not credible.[6] Opp'n at 12. Plaintiffs themselves argued that Proposed Intervenors raised "no new arguments" in that Opposition. *Id.* at 8. Nonetheless, if Plaintiffs feel compelled to respond separately to that Opposition, they can seek leave of the Court to do so.

### III. CONCLUSION

For the foregoing reasons, the Proposed Intervenors' Motion to Intervene should be granted.

---

[5] Indeed, at that time, Plaintiffs had not yet completed service on all of the named Defendants.

[6] Plaintiffs' further argument that Proposed Intervenors have acted in disregard for procedural rules is without merit. Opp'n at 2 n.2. Likewise, Plaintiffs' assertion that the Proposed Intervenors filed overlength briefs are simply wrong. The Local Rules limit a motion to intervene to 12 pages and an opposition to a motion for preliminary injunction to 24 pages, exclusive of the table of contents and table of authorities. Local Rule CR 7(e). Both briefs comply with these limits.

Respectfully submitted this 31st day of August ,2007

**HELLER EHRMAN LLP**

By s/ Molly A. Terwilliger
   Rima J. Alaily (WSBA # 29225)
   Molly A. Terwilliger (WSBA # 28449)
   Matthew A. Carvalho (WSBA # 31201)
   HELLER EHRMAN LLP
   701 Fifth Avenue, Suite 6100
   Seattle, WA  98104
   Tel:  (206) 447-0900
   Fax:  (206) 447-0849
   E-mail:  rima.alaily@hellerehrman.com
            molly.terwilliger@hellerehrman.com
            matt.carvalho@hellerehrman.com

**ACLU OF WASHINGTON FOUNDATION**

By s/ Sarah A. Dunne
   Sarah A. Dunne (WSBA # 34869)
   Aaron H. Caplan (WSBA # 22525)
   **ACLU OF WASHINGTON FOUNDATION**
   705 Second Avenue, Suite 300
   Seattle, WA  98104-1723
   Tel:  (206) 624-2184
   Fax:  (206) 624-2190
   E-mail:  dunne@aclu-wa.org

**NORTHWEST WOMEN'S LAW CENTER**

By s/ Lisa M. Stone
   Lisa M. Stone (WSBA # 15421)
   Nancy L. Sapiro (WSBA # 18751)
   **NORTHWEST WOMEN'S LAW CENTER**
   907 Pine Street, Suite 500
   Seattle, WA  98101-1818
   Tel:  (206) 682-9552
   Fax:  (206) 682-9556
   E-mail:  lstone@nwwlc.org
   E-mail:  nsapiro@nwwlc.org

REPLY TO OPPOSITION TO MOTION TO             7
INTERVENE: C07-5374-RBL

Heller Ehrman LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104-7098
Telephone (206) 447-0900

**PLANNED PARENTHOOD OF WESTERN WASHINGTON**

By <u>s/ Kelly S. Reese</u>
   Kelly S. Reese (WSBA # 22498)
   **PLANNED PARENTHOOD OF WESTERN WASHINGTON**
   2001 East Madison Street
   Seattle, WA 98122-2959
   Tel: (206) 328-7734
   Fax: (206) 720-4657
   E-mail: kelly.reese@ppww.org

Attorneys for Defendant-Intervenors