The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| STORMANS, INCORPORATED doing business as RALPH'S THRIFTWAY; RHONDA MESLER, MARGO THELEN,<br><br>Plaintiffs,<br><br>v.<br><br>MARY SELECKY, Secretary of the Washington State Department of Health; LAURIE JINKINS, Assistant Secretary of Washington Health Systems Quality Assurance; GEORGE ROE, SUSAN TIEL BOYER, DAN CONNOLLY, GARY HARRIS, VANDANA SLATTER, REBECCA HILLE, ROSEMARIE DUFFY, Members of the Washington Board of Pharmacy; YVONNE LOPEZ MORTON, ELLIS CASSON, DEBORAH SIOUS CANO-LEE, JERRY HEBERT, SHAWN MURINKO, Commissioners for the Washington Human Rights Commission; MARC BRENMAN, Executive Director of the Washington Human Rights Commission,<br><br>Defendants. | NO. C07-5374RBL<br><br>SUPPLEMENTAL DISCOVERY PLAN |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule CR 16, the parties previously submitted their Joint Status Report and Discovery Plan dated October 23,

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

2007 (Dkt. No. 92). On February 15, 2008, after denying Defendants' and Defendant-Intervenors' motions to stay the litigation pending appeal of the preliminary injunction, the Court ordered the parties to use their best efforts to reach agreement on the issues and scope of discovery to take place while the Ninth Circuit is considering the appeal of the preliminary injunction, and to submit any disagreements to the court for determination. (Transcript of Hearing on Motion to Stay Preliminary Injunction and Litigation Pending Appeal ("Transcript of Hearing") at 48-52). The parties have met and used their best efforts to reach agreement and respectfully submit this Supplemental Discovery Plan.

Additionally, the parties understand that this Supplemental Discovery Plan will require modification of the terms of the Minute Order Setting Trial, Pretrial Dates, and Ordering Mediation entered November 5, 2007 (Dkt. No. 94). The parties have therefore also proposed new dates in accord with this Plan for the Court's consideration.

## I. PROPOSED DISCOVERY PLAN

The parties met on **March 12, 2008** to discuss changes to the discovery plan in accordance with the Court's instruction, and now propose the following discovery plan:

### A. Written Discovery

On February 7, 2008, Plaintiffs propounded three sets of interrogatories and requests for production of documents on Defendants and Defendant-Intervenors. The Court suspended the deadlines for responding to the discovery request at the February 15, 2008 hearing. (Transcript of Hearing at 50:23, 51:2-3).

#### 1. Proposal Of Defendants And Defendant-Intervenors

Defendants Mary Selecky, Laurie Jinkins and members of the Board of Pharmacy and Defendant-Intervenors propose that responses to this written discovery be due thirty (30) days after this Court enters an order approving this Supplemental Discovery Plan, or an order resetting the pretrial and trial dates in accordance with the terms of this Supplemental Discovery Plan. In response to Plaintiffs' proposal that the responses be due on March 31,

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

2008, Defendants and Defendants-Intervenors note that this would shorten the thirty (30) day response time to twenty-three (23) days or less, assuming the response period was tolled between February 15, when the Court struck the response deadline (Transcript of Hearing at50:23, 51:2-3), and the date the Court issues an order setting new discovery deadlines.

Defendants members of the Human Rights Commission and its Executive Director propose that the interrogatories and requests for production of documents served on them be deferred until thirty (30) days after the resolution of the justiciability claim in the pending appeal to the Ninth Circuit, if that claim is resolved adverse to Defendants members of the Human Rights Commission and its Executive Director.

**2. Plaintiffs' Proposal**

Plaintiffs propose that Defendants' and Defendant-Intervenors' discovery responses be due on March 31, 2008, or **54 days** after the written discovery was served on Defendants and Defendant-Intervenors. Plaintiffs assert that without the written discovery responses, it is not possible for them to determine who and in what order depositions should be taken.

Delaying the responses to written discovery of the Human Rights Commission defendants, until the Ninth Circuit rules in Plaintiffs' favor, effectively ends any meaningful discovery of facts to develop Plaintiffs' claims against them for an undeterminable number of months and all but guarantees a continuance of the trial date for an equally undeterminable period of time. As the prevailing parties on the motion for preliminary injunction, Plaintiffs are entitled to move forward with discovery and should not be penalized because defendants wish to seek review of a court ruling that undisputedly cannot affect the merits of Plaintiffs' equal protection, Title VII and due process claims.

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

**B. Depositions**

**1. Number Of Fact Depositions**

**a. Plaintiffs' Proposal**

Plaintiffs propose that each side be limited to ten depositions (i.e. Plaintiffs may take ten depositions and Defendants and Defendant-Intervenors combined are limited to ten depositions.) Plaintiffs submit that pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) each side, not each party, is limited to ten depositions. Defendants and Defendant-Intervenors do not share that interpretation of the Rule.

Plaintiffs strongly oppose Defendants' and Defendant-Intervenors' request to have their depositions counted separately. If the Court should permit up to twenty fact-witness depositions by Defendants and Defendant-Intervenors, then Plaintiffs seek leave of the Court to take up to twenty fact-witness depositions.

**b. Proposal Of Defendants And Defendant-Intervenors**

Defendants and Defendant-Intervenors propose that each party be limited to ten fact witness depositions (i.e., Plaintiffs may take ten depositions, Defendants may take ten depositions, and Defendant-Intervenors may take ten depositions.) Defendants and Defendant-Intervenors do not agree with Plaintiffs' interpretation of Fed. R. Civ. P. 30(a)(2)(A)(i), asserting that each party with different interests or positions should be provided the opportunity to take the depositions reasonably needed to prepare its case.

**2. Number Of Expert Depositions**

Plaintiffs, Defendants, and Defendant-Intervenors agree to not limit, at this time, the number of expert witness depositions.

**3. Deposition Moratorium**

**a. Proposal Of Defendants And Defendant-Intervenors**

In order to allow the parties to comply with the current briefing scheduled before the Ninth Circuit, Defendants and Defendant-Intervenors propose that no deposition be noted



ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

before the Monday after all merits briefs are filed with the Ninth Circuit Court of Appeals. Defendants and Defendant-Intervenors have been advised that Plaintiffs will be seeking an extension of time for filing their response brief in the Ninth Circuit Court of Appeals, citing as one reason the need to respond to the amicus curiae briefs that have been filed. Plaintiffs have not specified the length of the extension request. The extension, if granted, will extend the date for Defendants' and Defendant-Intervenors' reply into Plaintiffs' proposed discovery period, and they are aware of at least one amicus curiae brief that will be filed in support of Plaintiffs.

In addition, the HRC Defendants propose that depositions of Defendants members of the Human Rights Commission and its Executive Director be deferred until resolution of the justiciability issue in the pending appeal.

**b. Plaintiffs' Proposal**

Plaintiffs oppose any moratorium on taking depositions to accommodate "the current briefing schedule." Defendants have multiple co-counsel assisting in this case. Moreover, Defendants have already filed their opening brief and should not be permitted to use the filing of their reply brief as a shield to discovery. Plaintiffs filed this action in July 2007. To date, Defendants have not produced formal discovery, only documents in response to Plaintiffs' public records requests that predated the commencement of this action.

For the reasons stated above, Plaintiffs strongly oppose delaying depositions of the HRC defendants until some undetermined time in the future when the Ninth Circuit rules; a ruling that will not impact in the least the shape and course of discovery of Plaintiffs' other claims against the HRC defendants.

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

**4. Phased Depositions**

**a. Discovery Phases Proposed By Defendants And Defendant-Intervenors**

Defendants and Defendant-Intervenors propose that discovery should be divided into three phases as identified in the section immediately below. These phases are consistent with the Court's directive that the parties proceed with limited discovery, and are in conformity with Defendants' and Defendant-Intervenors' beliefs that the scope of discovery may eventually be limited by a ruling from the Ninth Circuit Court of Appeals.

Defendants and Defendant-Intervenors do not agree with Plaintiffs' proposal to depose all fact witnesses in Phase 1 on the schedule proposed and for the reasons stated below in B.4.b. These reasons directly relate to the issues on appeal and, therefore, should not form the basis for discovery pending resolution of the appeal. In accordance with the Court's instructions that the parties take discovery in phases and tier groups of deponents (Transcript of Hearing at 50:10-11), while being mindful "not [to] impose too great a hardship given the uncertainty of precisely [the] direction we're headed" (*Id*. at 51:8-9), Defendants and Defendant-Intervenors propose the following three phases for discovery:

**(1) Phase 1: Named Party Discovery**

The first phase of discovery shall be limited to only named parties, excepting the members of the Human Rights Commission and its Executive Director pending the resolution of the justiciability claim in the pending appeal to the Ninth Circuit. Depositions of named parties may take place beginning on May 19, 2008 (five days after the last merits brief is filed in the appeal pending in the Ninth Circuit Court of Appeals; assuming Plaintiffs are granted a two week extension of time for filing the response merits brief and, if the Defendants and Defendant-Intervenors find it necessary to request a two week extension of time for filing the reply brief, the last merits brief will be due on or about May 15, 2008). As already discussed, written discovery on the parties will restart upon the entry of the Court's order approving this

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

Supplemental Discovery Plan or by the issuance of a revised order setting trial and pretrial dates reflecting the terms of this Supplemental Discovery Plan.

**(2) Phase 2: All Other Fact Witness Discovery**

The second phase of discovery shall include all other fact witnesses, excluding the members of the Human Rights Commission and its Executive Director for the reasons specified above for Phase 1. This second phase of discovery will commence July 19, 2008 (two months after the commencement of Phase 1).

**(3) Phase 3: Expert Discovery**

The third phase of discovery shall be expert discovery. Expert discovery shall commence September 19, 2008 (two months after the commencement of Phase 2). Disclosure of expert testimony under FRCP 26(a)(2) is due September 12, 2008 (one-week prior to the commencement of this Phase 3 of discovery).

**b. Discovery Phases Proposed By Plaintiffs**

Defendants' and Defendant-Intervenors' proposal of two-phases for fact witnesses (parties then non-parties) should not be adopted by the Court. This is a civil rights action under 42 U.S.C. §§1983 in which the parties are executive and board directors of their respective state agencies sued in their official capacity for actions taken by them, but principally by other state employees acting under their supervision and with the assistance of non-government activists. Accordingly, there is no distinction for discovery purposes between parties and other fact witnesses. Moreover, the relevant information regarding the history of the adoption of the subject regulations is more likely directly known by non-party state employees responsible for the research, investigation, communications with internal and outside sources, and analysis. Limiting the first phase to named parties puts Plaintiffs at a substantial disadvantage in the discovery process.

Further, Defendants' discriminatory purpose, including the administrative history and sequence of events leading up to the regulations' enactment, is as relevant to Plaintiffs' equal

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

protection claim as to the free exercise claim. *Arlington Heights v. Metro.Hous. Dev. Corp.*, 429 U.S. 252-266-67 (1977). There is, therefore, no logical reason for delaying the depositions of non-party, fact witnesses with information regarding the history of the adoption of the regulations. The results of the appeal in Ninth Circuit will simply not impact discovery. However, in the interests of devising a phased-discovery process for deposition testimony, Plaintiffs propose the following limitations on discovery.

**(1) Phase 1: Limit Of Ten Depositions Per Side Of All Fact Witnesses**

As the Plaintiffs initially proposed in the Joint Status Report and Discovery Plan, more than ten depositions would likely be required. However, Plaintiffs propose limiting depositions in the first phase to ten <u>per side</u>.

**(2) Phase 2: Additional Depositions Of Fact Witnesses.**

If additional fact witness depositions are necessary, either side may seek an appropriate order from the Court. At such time, the Court could then consider the grounds given for additional testimony, the status of the appeal, any rulings by the Ninth Circuit, and similar factors presently unknown.

**(3) Phase 3: Expert Witnesses**

Depositions of expert witnesses may be taken beginning June 10, 2008.

**C. Proposed Modifications To The Pretrial Calendar**

Plaintiffs, Defendants and Defendant-Intervenors respectfully propose, separately, the following changes to the pretrial dates in the Court's order. Plaintiffs' proposed new dates do not necessitate a change in the trial date, which they contend is consistent with the Court's comments to the parties at the February 15, 2008 hearing – "I'm not going to strike it at this point . . .." (Transcript of Hearing at 45:22-24, 46:11-12). Defendants' and Defendant-Intervenors' proposed new dates would require a continuance of the trial date set for October

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

20, 2008, which they contend is consistent with the Court's comments to the parties at the February 15, 2008 hearing (Transcript of Hearing at 46:12-16):

| Event | Prior Date | Plaintiffs' Proposed New Date | Defendants' and Defendant - Intervenors' Proposed New Date |
|---|---|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) is due | 04/23/2008 | 05/23/2008 | 09/12/2008 (one week before Phase 3 discovery commences) |
| All motions related to discovery must be FILED by | 06/02/2008 | 08/02/2008 | 10/19/2008 (one month after Phase 3 discovery commences) |
| Discovery COMPLETED by | 06/23/2008 | 08/23/2008 | 11/09/2008 (three weeks after all motions related to discovery must be filed) |
| All dispositive motions must be FILED by | 07/22/2008 | 08/31/2008 | 12/07/2008 (four weeks after discovery is completed) |

**Service on Parties**

The parties agree that all parties have been served.

Respectfully submitted this 14th day of March, 2008.

ATTORNEYS FOR PLAINTIFFS

By /s/ Steven T. O'Ban
STEVEN T. O'BAN (WSBA #17265)
KRISTEN K. WAGGONER (WSBA #27790)
Ellis Li & McKinstry PLLC
601 Union Street, Suite 4900
Seattle, WA 98101

By /s/ Erik W. Stanley
ERIK W. STANLEY (admitted pro hac vice)
Alliance Defense Fund
15192 Rose Wood
Leawood, KS 66224

ATTORNEYS FOR DEFENDANTS
WASHINGTON DEPARTMENT OF HEALTH
AND BOARD OF PHARMACY

By __/s/ Joyce A. Roper
JOYCE A. ROPER(WSBA #11322)
Senior Assistant Attorney General
ALAN D. COPSEY (WSBA #23305)
Assistant Attorney General
Office of the Attorney General
Agriculture & Health Division
7141 Cleanwater Drive SW, PO Box 40109
Olympia, WA 98504-0109

ATTORNEY FOR DEFENDANT
WASHINGTON HUMAN RIGHTS
COMMISSION

By _/s/ Traci Friedl
TRACI FRIEDL (WSBA #31538)
Assistant Attorney General
Attorney for Washington Human Rights Commission
Government Compliance & Enforcement Division
1125 Washington Street SE, PO Box 40100
Olympia, WA 98504-0100

ATTORNEYS FOR DEFENDANT-INTERVENORS

By s/ Molly A. Terwilliger___________
RIMA J. ALAILY (WSBA # 29225)
MOLLY A. TERWILLIGER (WSBA # 28449)
KATIE A. FOLEY (WSBA # 38578)
JOSHUA B. SELIG (WSBA # 39628)
HELLER EHRMAN LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Tel: (206) 447-0900
Fax: (206) 447-0849

By s/ Nancy L. Sapiro_________________
NANCY L. SAPIRO (WSBA # 18751)
LISA M. STONE (WSBA # 15421)
Northwest Women's Law Center
907 Pine Street, Suite 500
Seattle, WA 98101-1818
Tel: (206) 682-9552
Fax: (206) 682-9556

By s/ Kelly S. Reese
KELLY S. REESE (WSBA # 22498)
Planned Parenthood of Western Washington
2001 East Madison Street
Seattle, WA 98122-2959
Tel: (206) 328-7734
Fax: (206) 720-4657

SUPPLEMENTAL DISCOVERY PLAN -- C07-5374RBL

11

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500