**EXHIBIT A**

The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

STORMANS, INCORPORATED
doing business as RALPH'S
THRIFTWAY; RHONDA MESLER,
MARGO THELEN,

                Plaintiffs,

     v.

MARY SELECKY, Secretary of the
Washington State Department of
Health; LAURIE JINKINS, Assistant
Secretary of Washington Health
Systems Quality Assurance; GEORGE
ROE, SUSAN TIEL BOYER, DAN
CONNOLLY, GARY HARRIS,
VANDANA SLATTER, REBECCA
HILLE, ROSEMARIE DUFFY,
Members of the Washington Board of
Pharmacy; YVONNE LOPEZ
MORTON, ELLIS CASSON,
DEBORAH SIOUS CANO-LEE,
JERRY HEBERT, SHAWN
MURINKO, Commissioners for the
Washington Human Rights
Commission; MARC BRENMAN,
Executive Director of the Washington
Human Rights Commission,

                Defendants.

NO.  C07-5374RBL

SUPPLEMENTAL
DISCOVERY PLAN

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule CR 16,

the parties previously submitted their Joint Status Report and Discovery Plan dated October 23,

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

1

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1   2007 (Dkt. No. 92). On February 15, 2008, after denying Defendants' and Defendant-

2   Intervenors' motions to stay the litigation pending appeal of the preliminary injunction, the

3   Court ordered the parties to use their best efforts to reach agreement on the issues and scope of

4   discovery to take place while the Ninth Circuit is considering the appeal of the preliminary

5   injunction, and to submit any disagreements to the court for determination. (Transcript of

6   Hearing on Motion to Stay Preliminary Injunction and Litigation Pending Appeal ("Transcript

7   of Hearing") at 48-52). The parties have met and used their best efforts to reach agreement and

8   respectfully submit this Supplemental Discovery Plan.

9        Additionally, the parties understand that this Supplemental Discovery Plan will require

10  modification of the terms of the Minute Order Setting Trial, Pretrial Dates, and Ordering

11  Mediation entered November 5, 2007 (Dkt. No. 94). The parties have therefore also proposed

12  new dates in accord with this Plan for the Court's consideration.

13                          **I.      PROPOSED DISCOVERY PLAN**

14       The parties met on **March 12, 2008** to discuss changes to the discovery plan in

15  accordance with the Court's instruction, and now propose the following discovery plan:

16  **A.      Written Discovery**

17       On February 7, 2008, Plaintiffs propounded three sets of interrogatories and requests

18  for production of documents on Defendants and Defendant-Intervenors. The Court suspended

19  the deadlines for responding to the discovery request at the February 15, 2008 hearing.

20  (Transcript of Hearing at 50:23, 51:2-3).

21            **1.      Proposal Of Defendants And Defendant-Intervenors**

22       Defendants Mary Selecky, Laurie Jinkins and members of the Board of Pharmacy and

23  Defendant-Intervenors propose that responses to this written discovery be due thirty (30) days

24  after this Court enters an order approving this Supplemental Discovery Plan, or an order

25  resetting the pretrial and trial dates in accordance with the terms of this Supplemental

26  Discovery Plan. In response to Plaintiffs' proposal that the responses be due on  March 31,

SUPPLEMENTAL                         2              ATTORNEY GENERAL OF WASHINGTON
DISCOVERY PLAN --                                       Agriculture & Health Division
C07-5374RBL                                                7141 Cleanwater Drive SW
                                                              PO Box 40109
                                                          Olympia, WA 98504-0109
                                                            (360) 586-6500

1   2008, Defendants and Defendants-Intervenors note that this would shorten the thirty (30) day

2   response time to twenty-three (23) days or less, assuming the response period was tolled

3   between February 15, when the Court struck the response deadline (Transcript of Hearing

4   at 50:23, 51:2-3), and the date the Court issues an order setting new discovery deadlines.

5   Defendants members of the Human Rights Commission and its Executive Director

6   propose that the interrogatories and requests for production of documents served on them be

7   deferred until thirty (30) days after the resolution of the justiciability claim in the pending

8   appeal to the Ninth Circuit, if that claim is resolved adverse to Defendants members of the

9   Human Rights Commission and its Executive Director.

10      **2.    Plaintiffs' Proposal**

11   Plaintiffs propose that Defendants' and Defendant-Intervenors' discovery responses be

12   due on March 31, 2008, or **54 days** after the written discovery was served on Defendants and

13   Defendant-Intervenors. Plaintiffs assert that without the written discovery responses, it is not

14   possible for them to determine who and in what order depositions should be taken.

15   Delaying the responses to written discovery of the Human Rights Commission

16   defendants, until the Ninth Circuit rules in Plaintiffs' favor, effectively ends any meaningful

17   discovery of facts to develop Plaintiffs' claims against them for an undeterminable number of

18   months and all but guarantees a continuance of the trial date for an equally undeterminable

19   period of time. As the prevailing parties on the motion for preliminary injunction, Plaintiffs are

20   entitled to move forward with discovery and should not be penalized because defendants wish

21   to seek review of a court ruling that undisputedly cannot affect the merits of Plaintiffs' equal

22   protection, Title VII and due process claims.

23

24

25

26

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

3

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

Case 3:07-cv-0537   RBL   Document 153   Filed 03/1   08   Page 4 of 11

**B.      Depositions**

     **1.      Number Of Fact Depositions**

         **a.      Plaintiffs' Proposal**

Plaintiffs propose that each side be limited to ten depositions (i.e. Plaintiffs may take ten depositions and Defendants and Defendant-Intervenors combined are limited to ten depositions.)  Plaintiffs submit that pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) each side, not each party, is limited to ten depositions.  Defendants and Defendant-Intervenors do not share that interpretation of the Rule.

Plaintiffs strongly oppose Defendants' and Defendant-Intervenors' request to have their depositions counted separately.  If the Court should permit up to twenty fact-witness depositions by Defendants and Defendant-Intervenors, then Plaintiffs seek leave of the Court to take up to twenty fact-witness depositions.

         **b.      Proposal Of Defendants And Defendant-Intervenors**

Defendants and Defendant-Intervenors propose that each party be limited to ten fact witness depositions (i.e., Plaintiffs may take ten depositions, Defendants may take ten depositions, and Defendant-Intervenors may take ten depositions.)  Defendants and Defendant-Intervenors do not agree with Plaintiffs' interpretation of Fed. R. Civ. P. 30(a)(2)(A)(i), asserting that each party with different interests or positions should be provided the opportunity to take the depositions reasonably needed to prepare its case.

     **2.      Number Of Expert Depositions**

Plaintiffs, Defendants, and Defendant-Intervenors agree to not limit, at this time, the number of expert witness depositions.

     **3.      Deposition Moratorium**

         **a.      Proposal Of Defendants And Defendant-Intervenors**

In order to allow the parties to comply with the current briefing scheduled before the Ninth Circuit, Defendants and Defendant-Intervenors propose that no deposition be noted

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

4

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1   before the Monday after all merits briefs are filed with the Ninth Circuit Court of Appeals.

2   Defendants and Defendant-Intervenors have been advised that Plaintiffs will be seeking an

3   extension of time for filing their response brief in the Ninth Circuit Court of Appeals, citing as

4   one reason the need to respond to the amicus curiae briefs that have been filed. Plaintiffs have

5   not specified the length of the extension request. The extension, if granted, will extend the

6   date for Defendants' and Defendant-Intervenors' reply into Plaintiffs' proposed discovery

7   period, and they are aware of at least one amicus curiae brief that will be filed in support of

8   Plaintiffs.

9        In addition, the HRC Defendants propose that depositions of Defendants members of

10  the Human Rights Commission and its Executive Director be deferred until resolution of the

11  justiciability issue in the pending appeal.

12           **b.**     **Plaintiffs' Proposal**

13       Plaintiffs oppose any moratorium on taking depositions to accommodate "the current

14  briefing schedule." Defendants have multiple co-counsel assisting in this case. Moreover,

15  Defendants have already filed their opening brief and should not be permitted to use the filing

16  of their reply brief as a shield to discovery. Plaintiffs filed this action in July 2007. To date,

17  Defendants have not produced formal discovery, only documents in response to Plaintiffs'

18  public records requests that predated the commencement of this action.

19       For the reasons stated above, Plaintiffs strongly oppose delaying depositions of the

20  HRC defendants until some undetermined time in the future when the Ninth Circuit rules; a

21  ruling that will not impact in the least the shape and course of discovery of Plaintiffs' other

22  claims against the HRC defendants.

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

4.   **Phased Depositions**

a.   **Discovery Phases Proposed By Defendants And Defendant-Intervenors**

Defendants and Defendant-Intervenors propose that discovery should be divided into three phases as identified in the section immediately below. These phases are consistent with the Court's directive that the parties proceed with limited discovery, and are in conformity with Defendants' and Defendant-Intervenors' beliefs that the scope of discovery may eventually be limited by a ruling from the Ninth Circuit Court of Appeals.

Defendants and Defendant-Intervenors do not agree with Plaintiffs' proposal to depose all fact witnesses in Phase 1 on the schedule proposed and for the reasons stated below in B.4.b. These reasons directly relate to the issues on appeal and, therefore, should not form the basis for discovery pending resolution of the appeal. In accordance with the Court's instructions that the parties take discovery in phases and tier groups of deponents (Transcript of Hearing at 50:10-11), while being mindful "not [to] impose too great a hardship given the uncertainty of precisely [the] direction we're headed" (*Id.* at 51:8-9), Defendants and Defendant-Intervenors propose the following three phases for discovery:

(1)   **Phase 1: Named Party Discovery**

The first phase of discovery shall be limited to only named parties, excepting the members of the Human Rights Commission and its Executive Director pending the resolution of the justiciability claim in the pending appeal to the Ninth Circuit. Depositions of named parties may take place beginning on May 19, 2008 (five days after the last merits brief is filed in the appeal pending in the Ninth Circuit Court of Appeals; assuming Plaintiffs are granted a two week extension of time for filing the response merits brief and, if the Defendants and Defendant-Intervenors find it necessary to request a two week extension of time for filing the reply brief, the last merits brief will be due on or about May 15, 2008). As already discussed, written discovery on the parties will restart upon the entry of the Court's order approving this

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

6

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1    Supplemental Discovery Plan or by the issuance of a revised order setting trial and pretrial

2    dates reflecting the terms of this Supplemental Discovery Plan.

3            **(2)**      **Phase 2:  All Other Fact Witness Discovery**

4           The second phase of discovery shall include all other fact witnesses, excluding the

5    members of the Human Rights Commission and its Executive Director for the reasons

6    specified above for Phase 1.  This second phase of discovery will commence July 19, 2008

7    (two months after the commencement of Phase 1).

8            **(3)**      **Phase 3:  Expert Discovery**

9           The third phase of discovery shall be expert discovery.   Expert discovery shall

10   commence September 19, 2008 (two months after the commencement of Phase 2).  Disclosure

11   of expert testimony under FRCP 26(a)(2) is due September 12, 2008 (one-week prior to the

12   commencement of this Phase 3 of discovery).

13           **b.**      **Discovery Phases Proposed By Plaintiffs**

14          Defendants' and Defendant-Intervenors' proposal of two-phases for fact witnesses

15   (parties then non-parties) should not be adopted by the Court.  This is a civil rights action

16   under 42 U.S.C. §§1983 in which the parties are executive and board directors of their

17   respective state agencies sued in their official capacity for actions taken by them, but

18   principally by other state employees acting under their supervision and with the assistance of

19   non-government activists.  Accordingly, there is no distinction for discovery purposes between

20   parties and other fact witnesses.  Moreover, the relevant information regarding the history of

21   the adoption of the subject regulations is more likely directly known by non-party state

22   employees responsible for the research, investigation, communications with internal and

23   outside sources, and analysis. Limiting the first phase to named parties puts Plaintiffs at a

24   substantial disadvantage in the discovery process.

25          Further, Defendants' discriminatory purpose, including the administrative history and

26   sequence of events leading up to the regulations' enactment, is as relevant to Plaintiffs' equal

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

7

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

protection claim as to the free exercise claim. *Arlington Heights v. Metro.Hous. Dev. Corp.*, 429 U.S. 252-266-67 (1977). There is, therefore, no logical reason for delaying the depositions of non-party, fact witnesses with information regarding the history of the adoption of the regulations. The results of the appeal in Ninth Circuit will simply not impact discovery. However, in the interests of devising a phased-discovery process for deposition testimony, Plaintiffs propose the following limitations on discovery.

> (1)   **Phase 1:  Limit Of Ten Depositions Per Side Of All Fact Witnesses**

As the Plaintiffs initially proposed in the Joint Status Report and Discovery Plan, more than ten depositions would likely be required.   However, Plaintiffs propose limiting depositions in the first phase to ten per side.

> (2)   **Phase 2:  Additional Depositions Of Fact Witnesses.**

If additional fact witness depositions are necessary, either side may seek an appropriate order from the Court.   At such time, the Court could then consider the grounds given for additional testimony, the status of the appeal, any rulings by the Ninth Circuit, and similar factors presently unknown.

> (3)   **Phase 3:  Expert Witnesses**

Depositions of expert witnesses may be taken beginning June 10, 2008.

**C.   Proposed Modifications To The Pretrial Calendar**

Plaintiffs, Defendants and Defendant-Intervenors respectfully propose, separately, the following changes to the pretrial dates in the Court's order.  Plaintiffs' proposed new dates do not necessitate a change in the trial date, which they contend is consistent with the Court's comments to the parties at the February 15, 2008 hearing – "I'm not going to strike it at this point . . .." (Transcript of Hearing at 45:22-24, 46:11-12).  Defendants' and Defendant-Intervenors' proposed new dates would require a continuance of the trial date set for October

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

8

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

20, 2008, which they contend is consistent with the Court's comments to the parties at the

February 15, 2008 hearing (Transcript of Hearing at 46:12-16):

| Event | Prior Date | Plaintiffs' Proposed New Date | Defendants' and Defendant-Intervenors' Proposed New Date |
|---|---|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) is due | 04/23/2008 | 05/23/2008 | 09/12/2008 (one week before Phase 3 discovery commences) |
| All motions related to discovery must be FILED by | 06/02/2008 | 08/02/2008 | 10/19/2008 (one month after Phase 3 discovery commences) |
| Discovery COMPLETED by | 06/23/2008 | 08/23/2008 | 11/09/2008 (three weeks after all motions related to discovery must be filed) |
| All dispositive motions must be FILED by | 07/22/2008 | 08/31/2008 | 12/07/2008 (four weeks after discovery is completed) |

**Service on Parties**

    The parties agree that all parties have been served.

    Respectfully submitted this 14th day of March, 2008.


ATTORNEYS FOR PLAINTIFFS

By  /s/ Steven T. O'Ban
STEVEN T. O'BAN (WSBA #17265)
KRISTEN K. WAGGONER (WSBA #27790)
Ellis Li & McKinstry PLLC
601 Union Street, Suite 4900
Seattle, WA  98101

By  /s/ Erik W. Stanley
ERIK W. STANLEY (admitted pro hac vice)
Alliance Defense Fund
15192 Rose Wood
Leawood, KS  66224

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

9

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1

2  ATTORNEYS FOR DEFENDANTS
   WASHINGTON DEPARTMENT OF HEALTH
   AND BOARD OF PHARMACY

3

4  By __/s/ Joyce A. Roper_____
   JOYCE A. ROPER(WSBA #11322)

5  Senior Assistant Attorney General
   ALAN D. COPSEY (WSBA #23305)

6  Assistant Attorney General
   Office of the Attorney General

7  Agriculture & Health Division
   7141 Cleanwater Drive SW, PO Box 40109

8  Olympia, WA 98504-0109

9  ATTORNEY FOR DEFENDANT
   WASHINGTON HUMAN RIGHTS

10  COMMISSION

11  By __/s/ Traci Friedl_____
    TRACI FRIEDL (WSBA #31538)

12  Assistant Attorney General
    Attorney for Washington Human Rights

13  Commission
    Government Compliance & Enforcement Division

14  1125 Washington Street SE, PO Box 40100
    Olympia, WA 98504-0100

15  ATTORNEYS FOR DEFENDANT-

16  INTERVENORS

17  By s/ Molly A. Terwilliger_____
    RIMA J. ALAILY (WSBA # 29225)

18  MOLLY A. TERWILLIGER (WSBA # 28449)
    KATIE A. FOLEY (WSBA # 38578)

19  JOSHUA B. SELIG (WSBA # 39628)
    HELLER EHRMAN LLP

20  701 Fifth Avenue, Suite 6100
    Seattle, WA  98104

21  Tel:  (206) 447-0900
    Fax:  (206) 447-0849

22

23  By s/ Nancy L. Sapiro_____
    NANCY L. SAPIRO (WSBA # 18751)
    LISA M. STONE (WSBA # 15421)

24  Northwest Women's Law Center
    907 Pine Street, Suite 500

25  Seattle, WA  98101-1818
    Tel:  (206) 682-9552

26  Fax:  (206) 682-9556

SUPPLEMENTAL                    10          ATTORNEY GENERAL OF WASHINGTON
DISCOVERY PLAN --                               Agriculture & Health Division
C07-5374RBL                                      7141 Cleanwater Drive SW
                                                       PO Box 40109
                                                  Olympia, WA 98504-0109
                                                       (360) 586-6500

By s/ Kelly S. Reese

KELLY S. REESE (WSBA # 22498)
Planned Parenthood of Western Washington
2001 East Madison Street
Seattle, WA  98122-2959
Tel:  (206) 328-7734
Fax:  (206) 720-4657

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SUPPLEMENTAL
DISCOVERY PLAN --
C07-5374RBL

11

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

**EXHIBIT B**

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STORMANS, INCORPORATED, doing
business as RALPH'S THRIFTWAY;
RHONDA MESLER; and MARGO
THELEN,

Plaintiffs,

v.

MARY SELECKY, ACTING SECRETARY
OF THE WASHINGTON STATE
DEPARTMENT OF HEALTH, et al,

Defendants.

Case No.  C07-5374-RBL

SUPPLEMENTAL SCHEDULING
ORDER

This matter is before the court on the parties' Joint Supplemental Discovery Plan [Dkt. #153].  The

document apparently reflects the results of the parties' "best efforts" to agree upon a new scheduling order,

but the parties various submissions reveal very little agreement.  The submittal is therefore more akin to a "CR

37 Joint Submission" under Local Rule 37.  This Order is the court's Response to the joint submission.

1.      Outstanding Written Discovery:

All parties must respond to outstanding written discovery requests within 30 days of the date of this

Order.

2.      Depositions:

Phase One: Depositions of fact witnesses (whether parties to the lawsuit or not) shall be limited to 15

per side.  For purposes of this Order, defendants and Defendant/Intervenors shall together be considered "one

side."  Parties and non-parties may be named as deponents during this Phase of Discovery.

Phase Two: Expert Disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by September 12,

2008.  Depositions of expert witnesses may begin September 22, 2008.

SUPPLEMENTAL SCHEDULING ORDER
Page - 1

3.      Motion Practice and Discovery cutoff:

Discovery Motions shall be filed no later than October 17, 2008.  Discovery shall be completed by November 7, 2008.

4.      Dispositive Motions:

Dispositive Motions shall be NOTED no later than January 9, 2009.

5.      Trial Date

The current trial date is STRICKEN.  The new trial date is April 20, 2009.


IT IS SO ORDERED.


Dated this 25th day of March 2008.



RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

SUPPLEMENTAL SCHEDULING ORDER
Page - 2

**EXHIBIT C**

## Kristen K. Waggoner

**From:** Kristen K. Waggoner
**Sent:** Thursday, October 02, 2008 10:11 AM
**To:** Kristen K. Waggoner
**Subject:** FW: Expert Disclosure

**From:** Tomisser, Rene (ATG) [mailto:ReneT@ATG.WA.GOV]
**Sent:** Friday, September 26, 2008 4:11 PM
**To:** Alaily, Rima J.; Steven T. O'Ban; Roper, Joyce (ATG)
**Cc:** Kristen K. Waggoner; Einstein, Laura; Sara Ainsworth
**Subject:** RE: Expert Disclosure

I would like us all to consider a more comprehensive amendment of the pretrial schedule. Unfortunately, I have developed a medical condition requiring surgery that has been set for 10/10. The typical recovery is about two weeks. It also strikes me that the current schedule is largely a product of the dynamic of the case that existed prior to where we are with the 9th Circuit and doesn't necessarily make as much sense anymore. In particular, a discovery cut-off of 11/7 for an April 09 trial date is unnecessarily early and unduly stresses everyone's schedule. I am suggesting the following amendments:

10/2 expert witness disclosure
10/31 all potential fact witness lists be supplemented and disclosed
12/19 discovery cut-off

The rest of the dates could remain the same. Let me know if something along these lines seems reasonable.

**From:** Alaily, Rima J. [mailto:Rima.Alaily@hellerehrman.com]
**Sent:** Friday, September 26, 2008 11:57 AM
**To:** Steven T. O'Ban; Roper, Joyce (ATG); Tomisser, Rene (ATG)
**Cc:** Kristen K. Waggoner; Einstein, Laura; Sara Ainsworth
**Subject:** RE: Expert Disclosure

We would consent to the proposal that Steve has offered. Rima

**Rima Alaily** | Attorney | **HellerEhrman** | 701 Fifth Avenue, Suite 6100 | Seattle, WA 98104
tel: +1.206.389.6081 | fax: +1.206.515.8933 | email: rima.alaily@hellerehrman.com | web: www.hellerehrman.com

**From:** Steven T. O'Ban [mailto:soban@elmlaw.com]
**Sent:** Friday, September 26, 2008 10:28 AM
**To:** Joyce (ATG) Roper; Rene (ATG) Tomisser
**Cc:** Alaily, Rima J.; Kristen K. Waggoner
**Subject:** Expert Disclosure

10/15/2008

Dear Joyce and Rene-

Following the deposition yesterday afternoon, you indicated that you had not yet retained an expert and requested our agreement to an extension of the deadline (today, September 26) for all parties to make their expert disclosures pursuant to Rule 26(2).   You requested our agreement to an extension to October 9 for the disclosure and an appropriate extension of the discovery cut-off for expert depositions. The current discovery cut-off is November 7. You said you had not yet discussed an extension with the Intervenor-Defendants.

With the crush of depositions still to be taken, we cannot agree to a nearly two week extension of the (already extended) expert disclosure deadline.  We can agree to an extension to Thursday, October 2, conditioned on all parties agreeing to the expert disclosure extension and to an extension of the discovery cut-off, on all discovery, to November 14.

As you indicated you would not have the Board of Pharmacy's expert disclosure to us today, we will not serve our disclosure until there is an agreement among the parties, or you indicate that the BOP is ready to serve its expert disclosure.

If our proposed October 2 and November 14 extensions are not agreeable to all the parties, then we expect the BOP to bring a motion by Monday, September 29 and motion to shorten time for a consideration date before October 2. We will oppose a motion that seeks an extension for a disclosure deadline after October 2.

Sincerely,

Steve

Ellis, Li & McKinstry PLLC

Two Union Square

601 Union Street, Suite 4900

Seattle, WA 98101-3906

soban@elmlaw.com

ph. 206-682-0565

fax 206-625-1052

www.elmlaw.com

This email may contain confidential and privileged information intended only for the addressee.  Please do not read, copy, or disseminate it unless you are the intended recipient.  If you are not, please call us at 206-682-0565 or reply to this message, and delete it.  Thank you.

10/15/2008

**EXHIBIT D**

Depositions Scheduling

## Kristen K. Waggoner

**From:** Kristen K. Waggoner
**Sent:** Wednesday, October 08, 2008 5:08 PM
**To:** 'Roper, Joyce (ATG)'
**Cc:** Steven T. O'Ban; Tomisser, Rene (ATG)
**Subject:** RE: Depositions Scheduling

Thank you, Joyce. I hope to have amended notices/subpoenas ready for you on Friday.


*Kristen Waggoner*
Ellis, Li & McKinstry PLLC
601 Union Street, Ste. 4900
Seattle, WA 98011
Phone: (206) 682-0565
Fax: (206) 625-1052

This email may contain confidential and privileged information intended only for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you are not the addressee, please call us immediately at (206) 682-0565, reply to this email and then delete it. Thank you.


**From:** Roper, Joyce (ATG) [mailto:JoyceR@ATG.WA.GOV]
**Sent:** Wednesday, October 08, 2008 5:05 PM
**To:** Kristen K. Waggoner
**Cc:** Steven T. O'Ban; Tomisser, Rene (ATG)
**Subject:** Depositions Scheduling

Kristen,

We will accept service of the deposition notice for Christina Hulet and the 18th is confirmed. I have scheduled Conference Room N385 at our offices in Tumwater on November 18, 7141 Cleanwater Drive SW, Tumwater, WA 98504.

I have also reserved Conference Room 407 in our Tacoma office, 1019 Pacific Avenue, Tacoma, WA 98401 on November 20. I have not yet heard from Vandanna Slatter, but hope to hear from her tomorrow.

Joyce A. Roper

Senior Assistant Attorney General

P.O. Box 40109

Olympia, WA  98504-0109

(360)664-4968

(360)586-3564 (fax)


10/15/2008

Deposition Dates

## Kristen K. Waggoner

**From:** Kristen K. Waggoner
**Sent:** Wednesday, October 08, 2008 11:40 AM
**To:** 'Roper, Joyce (ATG)'
**Cc:** Steven T. O'Ban
**Subject:** RE: Deposition Dates

Joyce,

How about the following:

1.  Let's move Ms. Salmi and Mr. Mofidi to the 12th and then depose Ms. Hulet on the 18th.  Will that work?
2.  What are the addresses for Ms. Hulet's deposition in Olympia and the depositions of Ms. Boyer and Ms. Slatter in Tacoma?
3.  Should I go ahead and serve Ms. Hulet and Ms. Boyer or will you accept service of the subpoenas?

Thank you,

Kristen

---

**From:** Roper, Joyce (ATG) [mailto:JoyceR@ATG.WA.GOV]
**Sent:** Wednesday, October 08, 2008 11:28 AM
**To:** Kristen K. Waggoner
**Cc:** Steven T. O'Ban
**Subject:** RE: Deposition Dates

Kristen,

11/11 is a state holiday (Veterans Day), so we need to schedule Lisa and Ala for a different day.

Joyce

**From:** Kristen K. Waggoner [mailto:kwaggoner@elmlaw.com]
**Sent:** Tuesday, October 07, 2008 2:27 PM
**To:** Roper, Joyce (ATG)
**Cc:** Steven T. O'Ban
**Subject:** Deposition Dates

---

Joyce,

As for the BOP employee/board member deposition schedule, I propose the following deposition dates:

10/15/2008

November 5, 2008
9:30  Steve Saxe at ELM
1:30  Tim Fuller at ELM

November 11, 2008
9:30 Lisa Salmi at ELM
1:30 Ala Mofidi at ELM

November 14, 2008
10:00 Christina Hulet in Olympia

November 19, 2008
10:00 George Roe at ELM

November 20, 2008
10:00 Susan Tiel-Boyer in Tacoma
1:30    Vandana Slatter in Tacoma

We believe it is important to have access to documents for the depositions of BOP
employees. That is why I've scheduled them for our office. We can be flexible on the
location of the depositions for the board members provided you have an office where
we can take the deposition. Are you accepting service of the amended notice for Ms.
Hulet?

I will send out amended notices once I hear from you.

Thank you,

*Kristen Waggoner*
Ellis, Li & McKinstry PLLC
601 Union Street, Ste. 4900
Seattle, WA 98011
Phone: (206) 682-0565
Fax: (206) 625-1052

This email may contain confidential and privileged information intended only for the addressee. Please do not read, copy, or
disseminate it unless you are the addressee. If you are not the addressee, please call us immediately at (206) 682-0565, reply
to this email and then delete it. Thank you.

10/15/2008

## Kristen K. Waggoner

**From:** Roper, Joyce (ATG) [JoyceR@ATG.WA.GOV]
**Sent:** Friday, October 03, 2008 4:48 PM
**To:** Kristen K. Waggoner
**Subject:** RE: Discovery

Kristen,

I left voice-mails and sent e-mails to Lisa Salmi and Ala Mofidi about their available dates in November, but have not heard from them. I also looked for a Notice of Deposition for Ala, and, honestly, we did not receive one, but I have notified him that you are interested in deposing him, so we need to look at his schedule to set a date for the deposition.

Here's the information about the availability of the others between 11/3 and 11/21:

Steve Saxe is not available on 11/7, 11/10 or 11/18
Tim Fuller is not available on 11/7, 11/17-18
Vandana Slatter is not available on 11/3-5, 11/7, 11/12-14 (11/20 is the best day for her & she would be available on 11/11 if we are willing to do this on Veteran's Day)
George Roe is not available on 11/18
Susan Teil Boyer is only available on 11/19, 20 and 21
Christina Hulet is not available on 11/3-5.

Since we are scheduling eight depositions between 11/3 and 11/21 and potentially may be scheduling expert witness depositions (up to three for you, with two of those being out-of-state, up to three for the defendant-intervenors, with one of those being out-of-state, and four for us, with three being out-of-state) I have to wonder about the ability to meet the 11/21 deadline. Should we talk about having a different deadline for expert witnesses, or are you willing to reconsider the two week only extension of the discovery deadline, as we may be trying to fit five expert witness depositions into this schedule? It just seems that we can still move the discovery deadline to mid-December to better accommodate all of these potential depositions, some of which require out-of-state travel, and still stay with our April 09 trial date.

If you are inclined to depose expert witnesses, I ask you to consider extending the discovery deadline beyond two weeks. As soon as I have dates from Lisa and Ala, I will send those to you.

Joyce

**From:** Kristen K. Waggoner [mailto:kwaggoner@elmlaw.com]
**Sent:** Friday, October 03, 2008 10:45 AM
**To:** Roper, Joyce (ATG)
**Cc:** sto
**Subject:** Discovery

Joyce,

Here's what we propose:  The parties stipulate to extend the discovery cut-off to November 21 and agree that no further extensions will be sought.  We will work with you to reschedule depositions of BOP employees, board members and Christina Hulet between November 3-21. We'd like to get them on the schedule by next week.  We will depose Marc Brenman and Kathy Friedt in October.  (Steve is working with Mickey to get dates.)  The parties may also depose third parties and experts in October.  At this point, we have not decided whether we want to depose any experts, but we need to reserve that right due to our own scheduling conflicts.

Please let me know if this is acceptable to all Defendants.  We are not able to stipulate to extend the discovery cut-off beyond the proposed two week period.

Kind regards,
Kristen

*Kristen Waggoner*
Ellis, Li & McKinstry PLLC
601 Union Street, Ste. 4900
Seattle, WA  98011
Phone:  (206) 682-0565
Fax:  (206) 625-1052

This email may contain confidential and privileged information intended only for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you are not the addressee, please call us immediately at (206) 682-0565, reply to this email and then delete it.  Thank you.

10/15/2008

**EXHIBIT E**

# ELLIS, LI & MCKINSTRY PLLC

A T T O R N E Y S   A T   L A W

October 7, 2008

*Two Union Square*

*601 Union Street, Suite 4900*

*Seattle, WA 98101-3906*

*Phone: 206-682-0565*

*Fax: 206-625-1052*

*www.elmlaw.com*

VIA EMAIL

*Chi-Dooh Li*

*Michael R. McKinstry*

*Jan P. Olson*

*Daniel J. Ichinaga*

*Steven T. O'Ban*

*Keith A. Kemper*

*Andrew J. Toles*

*Kyle D. Netterfield*

*Nathaniel L. Taylor*

*Kristen K. Waggoner*

*Lana M. Floyd*

*A. Chad Allred*

*Lisa N. Ellis*

*Thomas J. Rodda*

*Andrew S. Mathers*

*Of Counsel*

*Gregory D. Esau*

*Emeritus*

*Ronald E. McKinstry*

*William H. Ellis*

*(1932-1994)*

Joyce A. Roper
Rene Tomisser
Office of the Attorney General
Agriculture & Health Division
7141 Clearwater Drive SW
P.O. Box 40109
Olympia, WA 98504-0109

Re: <u>Stormans, Inc., et al. v. Selecky, et al.</u>

Dear Joyce and Rene:

This is to confirm our conversation this morning and to get back to you about your proposal regarding the Board of Pharmacy's belated Rule 26(a)(2) disclosure of Dr. Daniel Baker's opinion.

The deadline for expert disclosures, extended by stipulation twice, the second time at your request, was October 2. The discovery cutoff is November 7. All parties, except the Board of Pharmacy, complied with the expert disclosure deadline. We asked for today's CR 37 conference to obtain a date certain by which the Board of Pharmacy (BOP) would fully comply with the rule, i.e., disclose Dr. Baker's opinions and reasoning and data in support thereof. You indicated that Dr. Baker was extremely busy with classes in October and you could not provide a date certain but believed he would provide this required information by mid to late November. You proposed that in exchange for our agreement to extend the expert disclosure deadline for Dr. Baker, BOP would extend the deadline for Plaintiffs' rebuttal expert witness, if any, to 30 days after Dr. Baker provides the required information. I told you I would get back to you regarding your proposal.

We cannot agree to an open-ended expert disclosure for Dr. Baker and certainly not an extension into November (or possibly beyond). In good faith we provided our expert disclosures on October 2, reasonably believing that you would not have requested and agreed to October 2 unless you would comply by that date. Frankly, we believe the BOP took advantage of Plaintiffs' good faith. We must reject your proposal.

*107409

# ELLIS, LI & McKINSTRY PLLC

### ATTORNEYS AT LAW

Joyce A. Roper
Rene Tomisser
October 7, 2008
Page 2


On another issue we discussed, we will agree to accommodate Rene Tomisser's surgery and recovery (you anticipate two weeks, October 10-24) and extend the discovery cut-off from November 7 to November 21, except as to out-of-state experts, which we will agree may be taken on or before December 5, 2008.

We will oppose any motion for an extension of the discovery cut-off beyond November 21, 2008.

Very truly yours,

ELLIS, LI & McKINSTRY PLLC


Steven T. O'Ban

cc:    Rima J. Alaily
       Mickey B. Newberry

**107409 (13438.00)