UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STORMANS, INC., doing business as RALPH'S THRIFTWAY; RHONDA MESLER; and MARGO THELEN,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARY SELECKY, Acting Secretary of the Washington State Department of Health; LAURIE JINKINS, Assistant Secretary of Washington Healthy Systems Quality Assurance; GEORGE ROE, SUSAN TIEL BOYER, DAN CONNOLLY, GARY HARRIS, VANDANA SLATTER, REBECCA HILLE, and ROSEMARIE DUFFY, Members of the Washington Board of Pharmacy; KATHY BAROS FRIEDT, ELLIS CASSON, DEBORAH SIOUS CANO-LEE, JERRY HEBERT, and SHAWN MURINKO, Commissioners for the Washington Human Rights Commission; MARC BRENMAN, Executive Director of the Washington Human Rights Commission,<br><br>        Defendants,<br><br>    v.<br><br>JUDITH BILLINGS, RHIANNON ANDREINI, JEFFERY SCHOUTEN, MOLLY HARMON, CATHERINE ROSMAN, EMILY SCHMIDT, and TAMI GARRARD,<br><br>        Intervenors. | No. C07-5374 RBL<br><br>STIPULATION AND PROPOSED PROTECTIVE ORDER<br><br>Note on Motion Calendar:<br>December 4, 2008 |

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# STIPULATION

The parties hereto, through counsel, stipulate that during the course of discovery in this action, Planned Parenthood of Western Washington ("PPWW") will produce documents that PPWW considers to be confidential, such as documents containing private, confidential, employment-related, health, personnel, and business information, as set forth in the subjoined Proposed Protective Order, and that one or both parties to this stipulation may consider it necessary to file such confidential documents with the Clerk of the Court in support of or in opposition to motions or for other purposes. Plaintiffs and PPWW, through counsel, therefore stipulate and agree that the subjoined Protective Order may be entered.

Stipulation dated this 4th day of December, 2008.

| KELLER ROHRBACK L.L.P. | ALLIANCE DEFENSE FUND |
|---|---|
| /s/ Gretchen Freeman Cappio | /s/ Steven H. Aden |
| Gretchen Freeman Cappio, WSBA #29576 | Steven H. Aden, Va. Bar No. 48036 |
| Gretchen S. Obrist, WSBA #37071 | (Admitted *Pro Hac Vice*) |
| KELLER ROHRBACK L.L.P. | Alliance Defense Fund |
| 1201 Third Avenue, Suite 3200 | 801 G. Street NW, Suite 509 |
| Seattle, WA 98101 | Washington, DC 20001 |
| gcappio@kellerrohrback.com | saden@telladf.org |
| gobrist@kellerrohrback.com | 202-63704610 (t) |
| (206) 623-1900 (t); (206) 623-3384 (f) | *Counsel for Plaintiffs Stormans, Inc. d/b/a Ralph's Thriftway; Rhonda Mesler; and Margo Thelen* |
| *Attorneys for Planned Parenthood of Western Washington* | |

ELLIS, LI & McKINSTRY PLLC

/s/ Kristen Waggoner
Kristen Waggoner
Steven T. O'Ban
Ellis, Li & McKinstry PLLC
Two Union Square
601 Union Street, Suite 4900
Seattle, WA 98101-3906
kwaggoner@elmlaw.com
soban@elmlaw.com
206-682-0565 (t); 206-625-1052 (f)
*Counsel for Plaintiffs Stormans, Inc. d/b/a Ralph's Thriftway; Rhonda Mesler; and Margo Thelen*

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# **PROTECTIVE ORDER**

The Court finds that good cause exists for issuance of this Protective Order ("Order") to establish a procedure for use and disclosure of Confidential Information and to govern the inadvertent production of Confidential or Privileged Information, as those terms are defined in this Order, and that entry of this Order is appropriate.

**THEREFORE, IT IS HEREBY ORDERED:**

While the debate over Plan B and its availability is of great interest to the public, certain materials, Information, Documents (as defined in Paragraph 1 below) or testimony produced or given by third party Planned Parenthood of Western Washington ("PPWW") in the course of pre-trial discovery or used or produced at trial in this action may involve disclosure of private, confidential, employment-related, health, personnel, and business information of PPWW ("Confidential" Documents or Information). Such Confidential Information is relevant only to the discovery process in this particular case, but not to the underlying issues in the case that are of public concern. The discovery process will be served by PPWW providing Confidential Information to Plaintiffs and their counsel under conditions protecting it from public dissemination and from unauthorized use outside this litigation. The public's interest in this case will not be affected by the Court's extension of this protection to certain Confidential Documents. Moreover, no provision of the Protective Order will limit the public availability of all information relevant to the factual or legal matters which will ultimately govern the outcome of this case.

Furthermore, despite reasonable precautions taken by PPWW, Confidential Documents or Information protected by the attorney-client privilege, attorney work product protection, or any other privilege, immunity, or protection from disclosure ("Privileged Information") may be inadvertently disclosed.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Accordingly, Plaintiffs and PPWW agree that the following provisions shall govern disclosure and use of all Documents or Information containing "Confidential" or "Privileged" material and the return of—and Court resolution of disputes regarding—inadvertently disclosed Confidential or Privileged Information.

1. **Definitions.** As used herein, "Documents" or "Information" shall include data (including electronic data) and any other material (and their contents) produced through discovery by PPWW as well as any portion of a transcript of a deposition or other proceeding, exhibit, affidavit, declaration, answers to interrogatories, or responses to request for admissions containing or referring to Confidential or Privileged Information. PPWW may designate any Document or a portion of any Document or any Information as subject to the provisions of this Order by means of a stamp or other designation on the Document of the word "Confidential," or otherwise in accordance with Paragraph 3 below. The designation of "Confidential" shall be limited to Documents or information that PPWW in good faith believes to constitute private, confidential, employment-related, health, personnel, or business information, or data or any Information that implicates or may implicate the privacy rights of PPWW employees, clinical staff, and volunteers or other parties referenced in the Documents. PPWW may not designate any Document or information as "Confidential" if it is otherwise publicly available, unless the Document or information is in the public domain as a result of a violation of any duty, law or agreement.

2. **Identification of Confidential Documents or Information.** In designating information, Documents or portions thereof as "Confidential," PPWW shall mark every page or significant component that contains Confidential Information with the appropriate "Confidential" stamp. Notwithstanding the foregoing sentence, a letter or e-mail may be used to designate as "Confidential" certain Documents or Information, such as Documents produced by another party or third party or such as computer data, where stamping would be impractical or impossible.

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3. **Challenging Confidential Designations.** A designation of documents or information as "Confidential" shall be binding on the parties to this Agreement for a period of twenty-one (21) days after said designation, and the parties shall regard as subject to this Agreement all documents and information so designated. Plaintiffs may lodge Objections to the designation of any document or information as "Confidential" by written notice to PPWW within ten (10) days of the designation, identifying the portions to which objection is made with reasonable particularity and stating the reasons for said objections. Counsel for the parties shall meet and confer as soon as practically possible thereafter pursuant to the provisions of Local Rule CR 37 in a good faith effort to discuss and resolve the confidential status of the documents and information subject to the Objections. After the expiration of the twenty-one-day period, the terms of this Agreement shall lapse as to the documents and information subject to the Objections, and such documents and information shall no longer be subject to this Agreement. However, if by the expiration of the twenty-one-day period, PPWW shall move the Court for a protective order to extend the terms of this Agreement to the documents and information subject to the Objections, the parties shall continue to regard such documents and information as subject to this Agreement pending determination of the motion by the Court.

4. **Identification of Confidential Testimony and Exhibits.** PPWW may provisionally designate a deposition transcript or hearing testimony and associated exhibits as "Confidential" on the record during a deposition, which will serve to provisionally designate as Confidential the entirety of the testimony ("Provisional Designation"). Testimony and exhibits subject to a Provisional Designation will be subject to the provisions of Paragraph 3 above, unless the Confidential designation is withdrawn from the Document by PPWW. Exhibits that do not bear a "Confidential" production stamp will not carry a Provisional Designation unless the party seeking Confidential treatment of the Document expresses that intent on the record at the deposition, at the

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

time the Document is marked as an exhibit and/or discussed. Provisional "Confidential" Designations shall remain in effect for thirty (30) business days from the date of the deposition. On or before the expiration of those thirty (30) days, the party seeking the designation shall designate exhibits by their exhibit numbers and portions of transcripts of deposition or other testimony by reference to the page being designated as Confidential. Designations of deposition exhibits and/or testimony as Confidential should not be over-inclusive such that entire transcripts and their exhibits are designated as Confidential when only portions are appropriately so designated, provided, however, than an entire transcript may be designated as Confidential where the vast majority of the transcript would appropriately be so designated. Further, exhibits must be evaluated individually. If a party seeking a "Confidential" designation fails to narrow a Provisional Designation or affirmatively assert that the entire transcript should be designated as Confidential pursuant to the preceding sentence, the Provisional Designation will be removed and no part of the transcript or its associated exhibits will be treated as Confidential. A reasonable extension of any applicable time period in this Order may be agreed to in writing among counsel for Plaintiffs and PPWW. Designations may be withdrawn at any time.

5. **Extensions.** The parties may agree in writing to a reasonable extension of any applicable time period in this Order. Designations may be withdrawn at any time.

6. **Redactions.** Social Security Numbers, financial account numbers, the names of minors, and personal contact information of PPWW employees, clinical staff, and volunteers may be redacted by PPWW without need for additional explanation, and notwithstanding Confidential designations on the documents pertaining to other material. In the event that Plaintiffs disagree with PPWW's redactions, Plaintiffs may lodge Objections to the redactions by written notice to PPWW within ten (10) days of the production, identifying the redactions to which objection is made with reasonable particularity and stating the reasons for said objections. Counsel for the parties shall meet

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and confer as soon as practically possible thereafter pursuant to the provisions of Local Rule CR 37 in a good faith effort to discuss and resolve the redactions subject to the Objections. Following the process outlined above, Plaintiffs may reserve the right to challenge redactions by bringing a motion to compel disclosure of redacted information.

7. **Handling of Confidential Documents or Information.** Unless otherwise ordered by the Court, any Document or Information designated by PPWW as Confidential shall be safeguarded and shall not be disclosed except, subject to the terms of this Order, to:

a. the Parties (*i.e.*, named Plaintiffs, Defendants, Defendant-Intervenors, and Third Parties, including but not limited to PPWW, Northwest Women's Law Center, and NARAL Pro-Choice Washington) and their counsel, including paralegals, clerical or other support staff or services of such counsel with responsibilities related to the subject matter of this litigation;

b. the Court, Court personnel, and any other person designated by the Court in this action in the interest of justice, upon such terms as the Court may deem proper;

c. any court reporter (including audio and video) or typist recording or transcribing testimony in this action;

d. independent experts or consultants who have been consulted or retained by counsel in this action to furnish technical or expert services or to give technical or expert testimony in the trial of this action, provided that such expert or consultant signs the Undertaking attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms;

e. mediators, special masters, or settlement facilitators engaged by the parties or appointed by the Court to provide services related to this action;

f. copying imaging, computer services or litigation support services, provided that all Confidential Documents or Information, including copies thereof whether in hard copy or

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

electronic form, are retrieved by the furnishing party upon completion of any such copying, imaging and computer services;

   g. the staff of persons designated in Paragraphs 7(d),(e), (f), and (g), subject to any conditions enumerated therein;

   h. any deposition or trial witness, provided that such person acknowledges the Undertaking in the form attached hereto as Exhibit A under oath that he/she has read and understood this Order. At a deposition or trial, the Undertaking shall be presented to non-party witnesses by the party noting the deposition or calling the witness at trial. The Undertaking shall be presented to party witnesses by the attorneys representing that party at the deposition or trial. By signing the Undertaking, the witness acknowledges that he or she has read a copy of this Order and agrees to be bound by its terms. In the event that a witness refuses to sign the Undertaking, the testimony may go forward with the use of Confidential documents. Before presentation of Confidential documents, the Court (at trial) or the attorney taking the deposition shall state on the record that the witness has been provided a copy of this Order and has been informed that he or she must abide by the terms or may be subject to a finding of contempt by the Court with power to enforce this Order.

  8. **Permissible Use of Documents or Information.** Nothing in this Order shall prevent any party from producing any Document or Information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that written notice shall be given to all other parties, including PPWW, at least ten (10) business days prior to the return date of the subpoena or other compulsory process seeking discovery of any Documents or Information designated as Confidential. Nothing in this Order shall prevent a producing party from using its own Confidential Information in any manner it sees fit or from using any Documents or information lawfully obtained

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

outside of this litigation in any lawful manner, regardless of whether the producing party has designated it as "Confidential Information."

9. **Inadvertent Disclosure of Confidential Documents or Information.** Plaintiffs, PPWW, and their counsel agree to take reasonable precautions to prevent disclosure of Confidential Information without the designations provided for in this Order. However, it is possible that inadvertent or mistaken disclosures will still be made, despite all reasonable precautions. If Documents containing Confidential Information are inadvertently or mistakenly disclosed without the "Confidential" designation, then Plaintiffs and PPWW agree that PPWW may request the return of such Documents within fifteen (15) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or Information as Confidential Information consistent with the provisions of this Order. If the receiving party disputes the Designation of such Documents or Information as Confidential, then the receiving party may move the Court as provided in Paragraph 3 herein. Otherwise, the receiving party shall return the unstamped Documents and any and all copies to PPWW or provide written assurance that all copies have been marked Confidential and will be treated as such.

10. **Use of Confidential Documents or Information in Court Filings and Court Proceedings.** Any Confidential Documents or Information submitted or filed with the Court shall be provisionally placed under seal, concurrently with the filing of a motion to seal such Confidential Documents or Information, as follows:

a. The party filing the Confidential Documents or Information with the Court ("Filing Party") is responsible for filing a motion to seal, in accordance with the Local Rule CR 5(g) (W.D. Wash.) governing sealed documents and motions to seal, as well as applicable Federal Rules and CM-ECF procedures. The party that originally made the Confidential Designation—PPWW for purposes of this Protective Order—is responsible for making the requisite showing to the Court that

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 9

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the material should be shielded from public view and maintained under seal. Thus, if the Filing Party originally made the Confidential Designation, that party must make the showing sufficient to maintain the seal; however, if the other party (*i.e.*, the party responding to the Court filing ("Responding Party")) originally made the Confidential Designation, the Responding Party must respond to the motion to seal and therein make the showing sufficient to maintain the seal.

    b.    The provisionally sealed material is subject to release or inspection only by order of the Court or consent of PPWW, except that when possible, only confidential portions of filings with the Court shall be filed under seal. If Confidential Information is made an exhibit to or the subject of examination during a deposition or hearing, or is incorporated into a pleading or other writing filed with the Court, then arrangements shall be made (a) to bind corresponding portions of separately said exhibits, as well as confidential portions of the transcript or pleading and (b) to place them in a sealed envelope appropriately marked when filed with the Court.

    c.    Court personnel may view Confidential Information as necessary in the course of performing their duties.

    d.    Nothing in this Order shall prevent:

        i.    any party from using Documents designated as "Confidential" or from referring to or reciting any information contained in such Documents, in connection with any motion, brief, or other written Court filing in this action, provided the relevant portions of the pleading or other paper in which the Confidential Information is embodied shall be filed and maintained under seal by the Clerk of the Court until further order of the Court, and shall not be available for public inspection. The party making the filing shall be responsible for filing under seal the pleading or other paper; and

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

     ii.  the use in open court, at any hearing, proceeding, or at trial of this case, of any Document that is subject to this Order or filed under seal pursuant to the provisions herein. PPWW may apply for an Order that evidence be received *in camera* or under less public circumstances to prevent unnecessary disclosure.

  e.  In the event the Court denies a motion to seal documents labeled "Confidential" and provisionally filed under seal, the Clerk of the Court shall leave the documents under seal for a period of three (3) judicial days after the date of the Court's denial of the motion to seal. If the Filing Party initially designated the documents "Confidential," then within that three (3) day period, the Filing Party may, at its option, file replacement documents that do not contain "Confidential" material, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the Filing Party does not file replacement documents within the time period prescribed by this Paragraph 10, the material shall be unsealed in the Court file.

  11.  **Return or Destruction of Confidential Documents or Information.** Within sixty (60) days after the final termination of this action (*i.e.*, sixty (60) days after all appellate rights have been exhausted), all Documents subject to this Agreement and all copies thereof shall, upon request, be returned to counsel for PPWW (unless previously permanently discarded, in which case, counsel for the receiving party shall certify in writing to counsel for PPWW that such Documents have been permanently discarded), provided that copies may be kept by counsel of any pleading, brief or Document submitted to the Court, deposition or trial transcripts and exhibits thereto, and correspondence subject to this Order.

  12.  **Privilege and Redaction Designations and Privilege Log**. If portions of documents are redacted for privilege or for any other reason, PPWW shall mark every page or significant component that contains privileged or redacted information with the "Privileged" and/or "Redacted"

<mark>
</mark>

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

stamp. PPWW shall provide a privilege log, which sets forth the specific bases of any applicable privilege, immunity, or protection against disclosure, contemporaneously with PPWW's document production or assertion of privilege, so that the receiving party may evaluate assertions of privilege as to such partially-produced documents, as well as documents that are entirely withheld from production.

      13. **<u>Inadvertent Disclosure of Privileged Information.</u>** Plaintiffs and PPWW further agree to take reasonable precautions to prevent the inadvertent or mistaken disclosure of Documents containing "Privileged Information" (defined to include attorney-client privilege, the attorney work product protection, or any other privilege, immunity, or protection from disclosure). Despite all reasonable precautions, Plaintiffs and PPWW recognize that inadvertent or mistaken disclosures of Privileged Information may still be made. If Documents containing Privileged Information are inadvertently or mistakenly disclosed, then Plaintiffs and PPWW agree that the following procedure shall govern:

      a. PPWW shall promptly advise the receiving party of the disclosure and shall recall any such inadvertently disclosed Documents by making a request of the receiving party for their return. If only a portion of a Document is claimed to be privileged or protected, PPWW shall furnish a redacted version of the Document, removing only the part(s) thereof claimed to be privileged or protected from disclosure. Upon receipt of the request for return, or if applicable, the redacted version, the receiving party, absent a challenge pursuant to subsection (c) of this Paragraph 13, shall promptly return the inadvertently disclosed Documents and any and all copies to PPWW or provide written assurance that all copies have been disabled or destroyed;

      b. If a receiving party becomes aware that PPWW inadvertently or mistakenly disclosed Documents containing Privileged Information, the receiving party shall promptly advise

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

PPWW of the disclosure and return the Documents and any and all copies to PPWW or provide written assurance that all copies have been disabled or destroyed;

        c.      For purposes of this Paragraph 13, Plaintiffs and PPWW agree that all requests for, and the return of, inadvertently or mistakenly disclosed Documents shall be reasonably prompt if issued within fifteen (15) business days after PPWW or the receiving party learns of the inadvertent or mistaken disclosure. The receiving party shall then return the inadvertently or mistakenly disclosed Documents and all copies in a reasonable time, except that the receiving party may keep copies of the Documents for the sole purpose of challenging PPWW's assertion that the Documents contain Privileged Information. If the receiving party seeks to challenge a Privilege claim, the receiving party shall promptly (*i.e.*, within fifteen (15) business days of PPWW's request for return or the receiving party's receipt of the applicable privilege log as defined in Paragraph 12, whichever is later) meet and confer with PPWW. If no agreement is reached, the receiving party shall then have ten (10) business days after such meet and confer in which to file a motion seeking to remove the designation of Privilege, unless Plaintiffs and PPWW agree to extend that period of time. PPWW shall have the burden of establishing that the disputed material is Privileged Information, as defined by applicable federal and/or state law. If the receiving party makes a motion under this subparagraph, the receiving party shall sequester the disputed Documents until such time as the Court rules on the motion. If the receiving party fails to make a timely motion under this subparagraph, the documents must be returned to PPWW and will retain their Privileged Designation.

        d.      Notwithstanding a motion to the Court, all Documents containing Privileged Information that are inadvertently or mistakenly disclosed shall be treated as "Privileged" subject to this Order until PPWW withdraws its request for their return or until the Court determines that the Document is not appropriately claimed as Privileged Information.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

14. **Amendments.** This Order may be amended by written agreement between counsel for Plaintiffs and PPWW, subject to approval of the Court, or may be modified by motion to the Court.

15. **Enforceability.** This Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after the termination of this litigation, to enforce this Order with all appropriate actions or orders.

16. **Violations.** Any violation or threatened violation of this Order may be submitted to the Court for appropriate injunctive relief and for such other just and equitable relief as the Court shall deem fit.

IT IS SO ORDERED this 5th day of December, 2008.

RONALD B. LEIGHTON

UNITED STATES DISTRICT JUDGE

Presented by:

KELLER ROHRBACK L.L.P.

/s/ Gretchen Freeman Cappio
Gretchen Freeman Cappio, WSBA #29576
Gretchen S. Obrist, WSBA #37071
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
gcappio@kellerrohrback.com
gobrist@kellerrohrback.com
(206) 623-1900 (t); (206) 623-3384 (f)
*Attorneys for Planned Parenthood of Western Washington*

Approved as to Form:

ALLIANCE DEFENSE FUND

/s/ Steven H. Aden
Steven H. Aden, Va. Bar No. 48036
(Admitted *Pro Hac Vice)*
Alliance Defense Fund
801 G. Street NW, Suite 509
Washington, DC 20001
saden@telladf.org
202-63704610 (t)
*Counsel for Plaintiffs Stormans, Inc. d/b/a Ralph's Thriftway; Rhonda Mesler; and Margo Thelen*

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 14

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| 1 | ELLIS, LI & McKINSTRY PLLC |
| 2 | /s/ Kristen Waggoner |
| 3 | Kristen Waggoner<br>Steven T. O'Ban |
| 4 | Ellis, Li & McKinstry PLLC<br>Two Union Square |
| 5 | 601 Union Street, Suite 4900<br>Seattle, WA 98101-3906 |
| 6 | kwaggoner@elmlaw.com<br>soban@elmlaw.com |
| 7 | 206-682-0565 (t); 206-625-1052 (f)<br>*Counsel for Plaintiffs Stormans, Inc. d/b/a Ralph's* |
| 8 | *Thriftway; Rhonda Mesler; and Margo Thelen* |

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 15

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**EXHIBIT A**

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STORMANS, INC., doing business as RALPH'S THRIFTWAY; RHONDA MESLER; and MARGO THELEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARY SELECKY, Acting Secretary of the Washington State Department of Health; LAURIE JINKINS, Assistant Secretary of Washington Healthy Systems Quality Assurance; GEORGE ROE, SUSAN TIEL BOYER, DAN CONNOLLY, GARY HARRIS, VANDANA SLATTER, REBECCA HILLE, and ROSEMARIE DUFFY, Members of the Washington Board of Pharmacy; KATHY BAROS FRIEDT, ELLIS CASSON, DEBORAH SIOUS CANO-LEE, JERRY HEBERT, and SHAWN MURINKO, Commissioners for the Washington Human Rights Commission; MARC BRENMAN, Executive Director of the Washington Human Rights Commission,<br><br>    Defendants,<br><br>    v.<br><br>JUDITH BILLINGS, RHIANNON ANDREINI, JEFFERY SCHOUTEN, MOLLY HARMON, CATHERINE ROSMAN, EMILY SCHMIDT, and TAMI GARRARD,<br><br>    Intervenors. | No. C07-5374RBL<br><br>UNDERTAKING |

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 16

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

I, _____, declare as follows:

1. My address is

_____

_____.

2. My present employer and the address of my present employer (if different from above) are _____.

3. I have received a copy of the Protective Order in the above-captioned action, stipulated to by Plaintiffs and Planned Parenthood of Western Washington and ordered by the Court.

4. Having carefully read and understood the provisions of the Protective Order, I agree to be bound by its terms.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Documents designated as "Confidential" as set forth in the Protective Order, which are disclosed to me. I will maintain any such information in a safe and secure place.

6. I will return all Documents designated as "Confidential" which come into my possession, and Documents or things I have prepared relating thereto, to counsel of the party that provided such Documents to me. I acknowledge that such return shall not relieve me from any continuing obligation imposed on me by the Protective Order.

7. I agree to submit to the jurisdiction of the United States District Court for the Western District of Washington, at Tacoma for purposes of enforcement of this Undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Dated this \_\_\_ day of _____, 20\_\_

at (City and State)_____.

_____
Signature

_____
Print Name

_____
Witness

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 18

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Steven H. Aden, Sara Ainsworth, Rima J. Alaily, Alliance for Justice, Jessica M. Andrade, Benjamin W. Bull, Alan D. Copsey, Laura F. Einstein, Hilary Bramwell Mohr, MB Newberry, Steven Thomas O'Ban, Heather Lenore Polz, Rebecca Jane Roe, Joyce A. Roper, Paul Francis Ruganui, Scott A. Smith, Erik W. Stanley, Lisa M. Stone, Rene David Tomisser, and Kristen K. Waggoner.  There are no non CM/ECF participants.

DATED this 4th day of December, 2008.

Mavis Bates
Legal Assistant

STIPULATION AND PROTECTIVE ORDER
(C07-5374) Page - 19

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384