HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STORMANS, INCORPORATED, doing business as RALPH'S THRIFTWAY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARY SELECKY, secretary of the Washington State Department of Health, et al.,<br><br>Defendants. | Case No. C07-5374RBL<br><br><br><br>ORDER |

THIS MATTER comes before the Court on Plaintiffs' Motion to Compel Production of Certain Non-Privileged Internal Communications and Survey Documents of Third Parties [Dkt. #309] and Plaintiffs' Motion to Compel Production of Information Related to Access Complaints [Dkt. #311]. The Court has reviewed the materials filed for and against said motions, has engaged in a telephone conference regarding said motions, has considered requested briefing on whether *in camera* review of pertinent documents would be appropriate, and has evaluated two motions to strike either motions or responses of the parties. Oral argument is not necessary to decide the issues presented in said motions.

Based upon the Court's review and consideration of the arguments of the parties and non-parties, the following Orders are entered:

ORDER
Page - 1

1.  The Motion to Strike Plaintiffs' Premature Motions to Compel [Dkt. #313] is **DENIED**. Additional conference time would not result in any narrowing of issues or the resolution of the basic question presented in plaintiffs' motions.

2.  Plaintiffs' Motion to Strike Responses [Dkt. #347] is **DENIED**. All parties and non-parties have had ample time to say what they needed to say to the Court in connection with these discovery issues.

3.  *In Camera* review of documents is not necessary for the Court to resolve the discovery disputes currently before the Court.

4.  The Motion to Compel [Dkt. #309] seeks four categories of documents:

    a.  Information from PPWW, NARAL, Cedar River Clinic (CRC) and NWWLC related to mental impressions or internal communications concerning actual communications that the organization had with governmental agencies involved with rule-making;

    b.  Information from PPWW and NWWLC related to internal communications re: "Why or how to communicate to governmental agencies" occurring on or after June 1, 2006;

    c.  All documents from NARAL related to the fall 2007 survey of Washington Surveys; and

    d.  A continuation of Nanay Sapiro's deposition to answer questions concerning NWWLC documents belatedly produced by NWWLC.

Plaintiffs' Motion to Compel [Dkt. #311] seeks all information that PPWW, CRC and NWWLC possesses regarding "refusals" or alleged access complaints (including name of complainants and communications within or between third party organizations so plaintiffs can determine the validity of such

claims.

In opposition to the plaintiffs' motion, the defendants, defendant-intervenors and non-parties remind the Court of its expressed intent to draw a distinction between (A) actual communications between non-parties and those persons or entities responsible for promulgating the regulations that are the subject of this dispute and (B) internal communications among non-parties, their members, allies and affiliates related to why or how they communicated to government decision-makers.  Category A was to be subject to discovery.  Category B was not.  Using that distinction as a touchstone, the Court **DENIES** Plaintiffs' Motion to Compel [Dkt. #309] those documents referred to above in 4(A) and 4(B).  If the defendant-intervenors or non-parties subject to discovery requests possess documents which recount an actual communication with a "government decision-maker" (i.e., I just got off the phone with the Governor's aide and this is what they said about Plan B . . .) such a document should be produced.

The Court **GRANTS** the Motion to Compel [Dkt. #309] as to the 2007 NARAL Survey.

The motion to compel a continuation of Nancy Sapiro's deposition is **DENIED**.

The Motion to Compel [Dkt. #311] is also **DENIED**.  The Court will later determine whether anecdotal information related to "access complaints" that is not produced, will be admissible in evidence at trial.

Finally, all motions or requests for fees or sanctions currently pending before the Court are **DENIED.**

Dated this 3rd day of March, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE