The Honorable Ronald B. Leighton
Trial: July 26, 2010

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STORMANS, INCORPORATED, et al.,<br><br>                Plaintiffs,<br><br>  v.<br><br>MARY SELECKY, Secretary of the Washington State Department of Health, et al.,<br><br>                Defendants,<br>and<br><br>JUDITH BILLINGS, et al.<br><br>                Defendant-Intervenors. | NO. C07-5374 RBL<br><br>PLAINTIFFS AND STATE DEFENDANTS' STIPULATION AND ORDER |

COMES NOW Plaintiffs Stormans, Inc., Rhonda Mesler, and Margo Thelen, by and through their attorneys, Steven T. O'Ban and Kristen K. Waggoner of Ellis, Li, McKinstry, and State Defendants Mary Selecky, et al., by and through their attorneys, Joyce A. Roper and Rene D. Tomisser, Assistant Attorneys General, and enter into the following:

PLAINTIFFS' AND STATE DEFENDANTS' STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 1

**121126 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

STIPULATION

1.1     Plaintiffs brought this action alleging that the Board of Pharmacy's rules, Wash. Admin. Code §246-863-095 and Wash. Admin. Code §246-869-010, violate their constitutional rights, including the free exercise of religion and substantive due process protections under the First and Fourteenth Amendments, and Title VII of the Civil Rights Act of 1964.

1.2     Plaintiffs, pharmacists and a pharmacy owner, have a conscientious objection to stocking and dispensing Plan B, the morning after pill. When a customer has requested Plan B, Plaintiffs have referred the customer to a nearby provider and, upon the patient's request, called the provider to ensure the product is in stock ("facilitated referral").  Prior to the adoption of the rules, Plaintiffs' facilitated referrals did not violate Washington law.

1.3     The Board of Pharmacy claims that it interprets the current rules to prohibit Plaintiffs from refusing to deliver lawful medications and referring patients to a nearby pharmacy for any reason, including conscientious objections, other than the reasons provided by WAC 246-869-010 .

1.4     On June 29, 2010, the Board of Pharmacy commenced rule-making to amend its rules to allow a facilitated referral. Specifically, the Board intends to adopt a rule allowing facilitated referrals for all pharmacies and pharmacists out of stock or unable or unwilling to stock, or timely deliver or dispense lawfully prescribed medications on site to their patients for any reason, including for conscientious reasons. A copy of the Board of Pharmacy meeting minutes is attached as Exhibit A.

1.5     As Board members indicated in their comments at the June 29th meeting, referral is a time-honored pharmacy practice, it continues to occur for many reasons, and is often the most effective means to meet the patient's request when the pharmacy or pharmacist is unable

PLAINTIFFS' AND STATE DEFENDANTS' STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 2

**121126 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565 Fax: 206•625•1052

1 or unwilling to provide the requested medication or when the pharmacy is out of stock of
2 medication. Board members also explained that anticipated changes in the pharmaceutical
3 industry will effect the practice of pharmacy in ways that permitting flexibility with facilitated
4 referrals will improve the delivery of health care in Washington, including when a drug is not
5 cost-effective to order, the drug requires monitoring or follow-up by the pharmacist, and other
6 reasons.

7 The Board believes that pharmacies and pharmacists should retain the ability to engage
8 in facilitated referrals; that facilitated referrals are often in the best interest of patients,
9 pharmacies, and pharmacists; that facilitated referrals do not pose a threat to timely access to
10 lawfully prescribed medications and that facilitated referrals help assure timely access to
11 lawfully prescribed medications. Such lawfully prescribed medications would include Plan B.

12 1.6  The State Defendants' rule-making processes require public hearings and
13 comments and these processes generally take at least six months for the Board to adopt rule
14 amendments. The State Defendants agree to use their best efforts to complete the rules within
15 eight months.

16 1.7  The rule-making processes under Wash. Rev. Code 34.05 do not allow the
17 parties to stipulate to specific language of the rules in advance of the first public hearing.  Nor
18 do the parties stipulate what rule language would sufficiently accommodate Plaintiffs'
19 conscientious objections to stocking and dispensing Plan B.

20 1.8  Upon entry of the following Order, Plaintiffs and State Defendants agree to a
21 stay of the trial in this matter to allow the Board time to complete its rule processes to allow for
22 facilitated referrals. State Defendants agree they will not object to this Court lifting the stay
23 upon Plaintiffs' request nor object to Plaintiffs' request for this Court to set trial on an

PLAINTIFFS' AND STATE DEFENDANTS' STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 3

**121126 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA  98121-3125
206•682•0565  Fax: 206•625•1052

1   expedited basis if Plaintiffs reasonably believe at any time during the rule-making process that

2   the proposed rules do not allow them to engage in a facilitated referral instead of stocking or

3   dispensing Plan B.

4   State Defendants will not object to the Plaintiffs' amending their Complaint upon

5   information and belief that acts or omissions of the State Defendants, from the date of this stay

6   and during the rulemaking process, supports a new claim. State Defendants reserve the right to

7   raise any defenses to a new claim other than a defense that the claim is untimely or is barred

8   because the pleadings were closed under the Court's current schedule.

9   1.9.   During the stay, this Court's March 6, 2009, Stipulation and Order Granting

10  Defendants' and Defendant-Intervenors' Joint Motion for Stay of Proceedings Pending

11  Decision by the Ninth Circuit Court of Appeals remains in effect.

12  1.10   If Plaintiffs' claims are tried, the parties agree not to refer to, use, or rely on

13  alleged incidents involving the refusal to stock, deliver, or dispense lawfully prescribed drugs

14  or devices, or complaints of such incidents, or alleged problems with timely access to drugs or

15  devices that occur after the stay.

16  1.11   State Defendants agree to maintain current contact information of all witnesses

17  under the Board's control that have been identified as witnesses in Plaintiffs' case-in-chief.

18  ORDER

19  2.1   This Court has jurisdiction over the parties and the subject matter of this lawsuit.

20  2.2   This case was filed by Plaintiffs nearly three years ago. The Court is very

21  familiar with the factual allegations and legal contentions of the parties and the relief sought by

22  Plaintiffs.

23

PLAINTIFFS' AND STATE DEFENDANTS'
STIPULATION AND AGREED ORDER (NO. C07-
5374 RBL) - 4

**ELLIS, LI & MCKINSTRY** PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565 Fax: 206•625•1052

**121126 (13438.00)

2.3     Plaintiffs brought this action alleging that the Board of Pharmacy's rules, Wash. Admin. Code §246-863-095 and Wash. Admin. Code §246-869-010, violate their constitutional rights, including the free exercise of religion and substantive due process protections under the First and Fourteenth Amendments, and Title VII of the Civil Rights Act of 1964.

2.4     Plaintiffs, pharmacists and a pharmacy owner, have a conscientious objection to stocking and dispensing Plan B, the morning after pill. When a customer has requested Plan B, Plaintiffs have referred the customer to a nearby provider and, upon the patient's request, called the provider to ensure the product is in stock ("facilitated referral"). Prior to the adoption of the rules, Plaintiffs' facilitated referrals did not violate Washington law.

2.5     The Board of Pharmacy claims that it interprets the current rules to prohibit Plaintiffs from refusing to deliver lawful medications and referring patients to a nearby pharmacy, for any reason, including conscientious objections, other than the reasons provided by WAC 246-869-010 .

2.6     Throughout this proceeding, Plaintiffs have requested that this Court grant an injunction against State Defendants in order to permit Plaintiffs to continue engaging in facilitated referrals for patients requesting Plan B.

2.7     This Court denied the summary judgment motions of the State Defendants and Intervenors on June 15, 2010. Trial is set to begin July 26, 2010.

2.8     On June 29, 2010, the Board of Pharmacy commenced rule-making to amend its rules to allow a facilitated referral. Specifically, the Board intends to adopt a rule allowing facilitated referrals for all pharmacies and pharmacists out of stock or unable or unwilling to stock or timely deliver or dispense lawfully prescribed medications on site to their patients for any reason, including for conscientious reasons.

PLAINTIFFS' AND STATE DEFENDANTS' STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 5

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA  98121-3125
206•682•0565  Fax: 206•625•1052

**121126 (13438.00)

2.9   The State Defendants' rule-making processes require public hearings and comments. The parties have not stipulated to any specific rules language. The State Defendants have assured this Court they will use their best efforts to conclude the rule-making process within eight months.

2.10   Therefore, the trial in this case shall be and hereby is STAYED to allow the Board time to complete its rule-making processes to allow for facilitated referrals. This Court will lift the stay and set trial on an expedited basis upon Plaintiffs' request at any point in the future if Plaintiffs reasonably believe at any time during the rule-making process that the proposed rules do not allow them to engage in a facilitated referral instead of stocking or dispensing Plan B.

2.11   During the stay, this Court's March 6, 2009, Stipulation and Order Granting Defendants' and Defendant-Intervenors' Joint Motion for Stay of Proceedings Pending Decision by the Ninth Circuit Court of Appeals remains in effect.

2.12   If this case later proceeds to trial, the parties may not refer to, use, or rely on alleged incidents involving the refusal to stock, deliver, or dispense lawfully prescribed drugs or devices, or complaints of such incidents, or alleged problems with timely access to drugs or devices that may arise after entry of this Order.

2.13   State Defendants must maintain current contact information of all witnesses under the Board's control that have been identified as witnesses in Plaintiffs' case-in-chief.

DONE IN OPEN COURT this 12th day of July, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

PLAINTIFFS' AND STATE DEFENDANTS' STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 6

**121126 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

AGREED TO BY:

| | |
|---|---|
| **ELLIS, LI & McKINSTRY PLLC** | **ROBERT M. MCKENNA**<br>Attorney General |
| **By:/s/**_____<br>Kristen K. Waggoner, WSBA #27790<br>Steven T. O'Ban, WSBA #17265<br>Ellis, Li & McKinstry PLLC<br>601 Union Street, Suite 4900<br>Seattle, WA 98101<br>(206) 682-0565<br>Attorney for Plaintiffs | **By:/s/**_____<br>JOYCE A. ROPER, WSBA #11322<br>Senior Assistant Attorney General<br>RENE D. TOMISSER, WSBA #17509<br>Senior Counsel<br>Attorney General's Office<br>P.O. Box 40109<br>Olympia, WA 98504-0109<br>360-586-6482<br>Attorneys for Defendants Department of Health and Board of Pharmacy |

PLAINTIFFS' AND STATE DEFENDANTS'
STIPULATION AND AGREED ORDER (NO. C07-5374 RBL) - 7

**E**LLIS, **L**I & **M**C**K**INSTRY PLLC
Attorneys at Law
Market Place Tower
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

**121126 (13438.00)