HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STORMANS, INCORPORATED, et al, <br><br> Plaintiffs, <br><br> v. <br><br> MARY SELECKY, Secretary of the Washington State Department of Health, et al, <br><br> Defendants. | CASE NO. C07-5374RBL <br><br> ORDER REGARDING MOTIONS IN LIMINE |

THIS MATTER is before the Court on the parties' various Motions in Limine [Dkt. #s 421, 422, 425, 428]. The Court's ruling on the Motions follow:

- The subject rules were adopted by the Pharmacy Board in October 2006. The "information" considered by the Board, to include denial stories and other hearsay information, is admissible in any proceeding aimed at exploring the purposes of the regulations. The Pharmacy Board also embarked on additional rulemaking on this same subject in 2010. "Information" considered by the Pharmacy Board in connection with that effort will also be admissible.

- Expert testimony about the "Scientific Mechanism of Action of Plan B" and "Whether Plan B is an Abortifacient" is not relevant to the question before the Court. The reports from such experts can be submitted to the Court as an Offer of Proof and the Court will review the opinions and notify the parties if any portion of the reports will be considered. They can be submitted to the Court four weeks before the trial date (October 31, 2011).

- The Court does not need expert testimony regarding the psychological impact on a rape victim who is told that Plan B is not available at Pharmacy 1 and that she must go to Pharmacy 2 to acquire the drug. Expert testimony of this kind may be submitted as a written Offer of Proof four weeks before trial.

- Similarly, the religious views of the plaintiffs are not at issue in this case. A statement of faith relevant to the underlying issue may also be submitted as an Offer of Proof four weeks before trial.

For the foregoing reasons, the Court's Order on Motions in Limine [Dkt. #s 421, 422 425, and 428] is as follows:

Defendant - Intervenors' Motion in Limine to Exclude Irrelevant Evidence [Dkt. #421].

- The nature of plaintiffs' religious beliefs.

    GRANTED

- Advocacy activities by individuals and organizations during the rulemaking process that led to the enactment of WAC 246-869-010 and WAC 246-863-095.

    GRANTED

- Evidence not before the Washington State Board of Pharmacy during the rulemaking process, including events occurring after the Board unanimously adopted the rules here in question.

ORDER REGARDING MOTIONS IN LIMINE - 2

|   |   |
|---|---|
| GRANTED, except as to information considered by the Board in connection with the decision to re-open rulemaking and end rulemaking all in 2010. | |

Defendant – Intervenors' Daubert Motion to Exclude the Testimony of Plaintiffs' Designated Expert Witnesses [Dkt. #422].

- As to Bruce M. Carlson, M.D., Ph.d         GRANTED
- As to Elizabeth Mary Shadigian, M.D.      GRANTED
- As to Martha W. Shuping, M.D.              GRANTED
- As to Holly Whitcomb Henry                 DENIED

This ruling applies with equal vitality to Dr. David A. Grimes and Ms. Karil Klingbeil, at least in so far as their testimony is as represented by plaintiffs.

State Defendants' Motion in Limine to exclude irrelevant evidence [Dkt. #425].

| | | |
|---|---|---|
| A. | The Scientific Mechanism of Action of Plan B and Whether Plan B is an Abortifacient is Irrelevant to the Constitutionality of the Rules and Should be Excluded. | GRANTED |
| B. | The Legislative History Leading to Adoption of the Rules is Irrelevant to How the Rules Will be Applied by the Washington State Board of Pharmacy. | DENIED |
| C. | The Claims Against the State Human Rights Commission (HRC) Have Been Dismissed and Evidence of the HRC's Opinions Regarding Application of the Washington State Board of Pharmacy's Rules are Irrelevant. | DENIED |
| D. | There Should be no References to Settlement Discussions That Have Occurred Amongst the Parties. | GRANTED |

ORDER REGARDING MOTIONS IN LIMINE - 3

Plaintiffs' Motion in Limine to Exclude Informal Poll and Limit the Use of Denial Stories [Dkt. #428].

- As to 2008 poll by Washington State Pharmacy Association.

    GRANTED, unless referred to and considered by WSPA in connection with 2010 rulemaking effort. The Poll may still be submitted to the Court by way of Offer of Proof.

- As to Denial Stories.

    DENIED, except for those denial stories that were not considered by WSPA in connection with rulemaking.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE