HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STORMANS, INCORPORATED, et al, <br><br> Plaintiffs, <br><br> v. <br><br> MARY SELECKY, Secretary of the Washington State Department of Health, et al, <br><br> Defendants. | CASE NO. C07-5374RBL <br><br> **AMENDED** ORDER REGARDING MOTIONS IN LIMINE |

The Court has reviewed its prior Order regarding Motions in Limine [Dkt. #456] and found the error in the Order. This AMENDED ORDER corrects and clarifies the prior Order in the following respects:

- As to the Motion in Limine to Exclude Irrelevant Evidence [Dkt. #421] the motion to exclude advocacy activities by individuals and organizations during the rulemaking process that led to the enactment of WAC 246-869-010 and WAC 246-863-095 is DENIED (such evidence is ADMISSIBLE).

1     •    All information, including denial stories, presented to the Pharmacy Board before the
2          adoption of the subject regulations and during the 2010 rulemaking effort is
3          ADMISSIBLE.

4    The Order, with these clarifications, should therefore read as follows:

5    THIS MATTER is before the Court on the parties' various Motions in Limine [Dkt. #s 6 421, 422, 425, 428]. The Court's ruling on the Motions follow:

7     •    The subject rules were adopted by the Pharmacy Board in October 2006. The
8          "information" considered by the Board, to include denial stories and other hearsay
9          information, is admissible in any proceeding aimed at exploring the purposes of
10         the regulations. The Pharmacy Board also embarked on additional rulemaking on
11         this same subject in 2010. "Information" considered by the Pharmacy Board in
12         connection with that effort will also be admissible.

13    •    Expert testimony about the "Scientific Mechanism of Action of Plan B" and
14         "Whether Plan B is an Abortifacient" is not relevant to the question before the
15         Court. The reports from such experts can be submitted to the Court as an Offer of
16         Proof and the Court will review the opinions and notify the parties if any portion
17         of the reports will be considered. They can be submitted to the Court four weeks
18         before the trial date (October 31, 2011).

19    •    The Court does not need expert testimony regarding the psychological impact on
20         a rape victim who is told that Plan B is not available at Pharmacy 1 and that she
21         must go to Pharmacy 2 to acquire the drug. Expert testimony of this kind may be
22         submitted as a written Offer of Proof four weeks before trial.

23

24

AMENDED ORDER REGARDING MOTIONS IN
LIMINE - 2

- Similarly, the religious views of the plaintiffs are not at issue in this case. A statement of faith relevant to the underlying issue may also be submitted as an Offer of Proof four weeks before trial.

For the foregoing reasons, the Court's Order on Motions in Limine [Dkt. #s 421, 422 425, and 428] is as follows:

Defendant - Intervenors' Motion in Limine to Exclude Irrelevant Evidence [Dkt. #421].

- The nature of plaintiffs' religious beliefs.

    GRANTED

- Advocacy activities by individuals and organizations during the rulemaking process that led to the enactment of WAC 246-869-010 and WAC 246-863-095.

    DENIED – (such evidence is admissible)

- Evidence not before the Washington State Board of Pharmacy during the rulemaking process, including events occurring after the Board unanimously adopted the rules here in question.

    GRANTED, except as to information considered by the Board in connection with the decision to re-open rulemaking and end rulemaking all in 2010.

Defendant – Intervenors' Daubert Motion to Exclude the Testimony of Plaintiffs' Designated Expert Witnesses [Dkt. #422].

- As to Bruce M. Carlson, M.D., Ph.d                GRANTED

- As to Elizabeth Mary Shadigian, M.D.              GRANTED

- As to Martha W. Shuping, M.D.                     GRANTED

- As to Holly Whitcomb Henry                        DENIED

This ruling applies with equal vitality to Dr. David A. Grimes and Ms. Karil Klingbeil, at least in so far as their testimony is as represented by plaintiffs.

1   State Defendants' Motion in Limine to exclude irrelevant evidence [Dkt. #425].

|  | |  |
|---|---|---|
| A. | The Scientific Mechanism of Action of Plan B and Whether Plan B is an Abortifacient is Irrelevant to the Constitutionality of the Rules and Should be Excluded. | GRANTED |
| B. | The Legislative History Leading to Adoption of the Rules is Irrelevant to How the Rules Will be Applied by the Washington State Board of Pharmacy. | DENIED |
| C. | The Claims Against the State Human Rights Commission (HRC) Have Been Dismissed and Evidence of the HRC's Opinions Regarding Application of the Washington State Board of Pharmacy's Rules are Irrelevant. | DENIED |
| D. | There Should be no References to Settlement Discussions That Have Occurred Amongst the Parties. | GRANTED |

Plaintiffs' Motion in Limine to Exclude Informal Poll and Limit the Use of Denial Stories [Dkt. #428]. All information, including denial stories, presented to the Pharmacy Board before the adoption of the subject regulations and during the 2010 rulemaking effort is ADMISSIBLE.

- As to 2008 poll by Washington State Pharmacy Association.

    GRANTED, unless referred to and considered by WSPA in connection with 2010 rulemaking effort. The Poll may still be submitted to the Court by way of Offer of Proof.

- As to Denial Stories.

    GRANTED, except for those denial stories that were provided to WSPA in connection with rulemaking in 2006 and 2010.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2011.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

AMENDED ORDER REGARDING MOTIONS IN LIMINE - 4