1

The Honorable Ronald B. Leighton

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
9                                AT TACOMA

10   STORMANS, INCORPORATED, et al.,          Civil Action No. C07-5374 RBL

                         Plaintiffs,           MOTION FOR LEAVE TO AMEND
11                                             COMPLAINT
          vs.
12                                             **Date of Consideration: May 13, 2011**

     MARY SELECKY, Secretary of the Washington
13   State Department of Health, et al.,

14                       Defendants,

15        and

16   JUDITH BILLINGS, et al.,

17                       Intervenors.

18

19                **I.       INTRODUCTION AND RELIEF REQUESTED**

20        Plaintiffs seek leave to amend their complaint to (1) include *ella*, an emergency

21   contraceptive drug approved by the Federal Drug Administration ("FDA") after this action

22   was stayed in July 2010, and to (2) clarify their substantive due process claim under the

23   Fourteenth Amendment.  Intervenor Defendants do not oppose this motion.  Defendant State

     MOTION FOR LEAVE TO AMEND COMPLAINT                    ELLIS, LI & MCKINSTRY PLLC
     (C07-5374) - 1                                              Attorneys at Law
                                                            2025 First Avenue, Penthouse A
                                                               Seattle, WA 98121-3125
     *126881 (13438.00)                                     206•682•0565  Fax: 206•625•1052

1    does.   Plaintiffs' proposed Second Amended Complaint in redline format is attached as

2    Exhibit A to the Declaration of Steven T. O'Ban, filed herewith.

3                              **II.     FACTS**

4          Plaintiffs filed this action against the Board of Pharmacy on July 25, 2007 and

5    amended it the next day.  Declaration of Steven T. O'Ban ("O'Ban Decl."). Trial is currently

6    set for November 28, 2011.

7          In August 2010, the FDA approved a new drug, *ella*, for distribution as an emergency

8    contraceptive. O'Ban Decl., Exhibit B. This drug was not previously available, but is now

9    "stocked in most pharmacies." O'Ban Decl., Exhibit C.  Prescriptions can also be obtained

10   and filled online. *Id*. According to the website, the drug operates to prevent pregnancy after

11   unprotected sexual intercourse by "delaying ovulation…for 5 days" or "by preventing

12   attachment [of a fertilized egg] to the uterus."  O'Ban Decl., Exhibit D.

13         The Rules require Plaintiffs to stock and dispense *ella* in violation of their deeply held

14   religious beliefs.

15         Plaintiffs pled Fourteenth Amendment claims in their Amended Complaint, including

16   a violation of Plaintiffs "fundamental right of liberty of conscience." O'Ban Decl., Exhibit A,

17   ¶66.   Plaintiffs seek to clarify their Fourteenth Amendment claims by more clearly setting

18   forth their substantive due process claim in their complaint.[1]

19                    **III.    AUTHORITY AND ARGUMENT**

20         Leave to amend is discretionary and the Federal Rules of Civil Procedure and federal

21   case law direct that leave shall be "freely given when justice so requires." Rule 12(a).  The

---

[1]Plaintiffs previously discussed the legal authorities supporting the substantive due process claim in their Consolidated Response to State Defendants' and Defendant-Intervenors' Motions for Summary Judgment, Dkt. #401.

MOTION FOR LEAVE TO AMEND COMPLAINT
(C07-5374) - 2

*126881 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

1   U.S. Supreme Court instructs that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S.

2   178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (*citing* 3 Moore, Federal Practice (2d ed.

3   1948), 15.08, 15.10.).

4       Leave should be granted where it will "facilitate a proper decision on the merits" and

5   denied only in the limited circumstances where the "movant acts in bad faith" or denial is

6   necessary to prevent "undue prejudice" to the opposing party. *Howey v. U.S.*, 481 F.2d 1187,

7   1190-91 (9th Cir. 1973); *U.S. ex rel Lee v. SmithKline Beecham Inc*, 245 F.3d 1048, 1052 (9th

8   Cir. 2001). Courts may "consider the presence or absence of undue delay, bad faith, dilatory

9   motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

10  opposing party and futility of the proposed amendment."   *Lee*, 245 F.3d at 1052 (*quoting*

11  *Moore v. Kayport Package Express, Inc.*, 885 F.3d 531, 538 (9th Cir. 1989)).  Moreover, there

12  is a "strong policy to permit the amending of pleadings," and to allow an amendment to "state

13  a potentially valid claim," even where there has been some delay in raising the claim. *Howey*,

14  481 F.2d at 1190-91. It is an abuse of discretion to deny a motion for leave without one of

15  these apparent and articulated reasons for the denial. *Id.* at 1191; *Foman*, 371 U.S. at 182.

16      None of the reasons for denial even remotely apply here. *Ella* had not been approved

17  when Plaintiffs filed their complaint. O'Ban Decl., Exhibit B. It was only approved by the

18  FDA in August 2010 and, therefore, only recently became available in "most pharmacies."

19  *Id.*, Exhibit C. Plaintiffs' civil rights will be violated every bit as much if they are forced to

20  distribute *ella* as they will be if forced to dispense Plan B.  Intervenors do not object.  Justice

21  requires that Plaintiffs be permitted leave to amend and add *ella*.

22      Plaintiffs also seek to amend their complaint to clarify that their Fourteenth

23  Amendment claims include a substantive due process claim.   The Due Process Clause

MOTION FOR LEAVE TO AMEND COMPLAINT
(C07-5374) - 3

*126881 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

1    "provides heightened protection against government interference with certain fundamental

2    rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct.

3    2258, 138 L. Ed. 2d 772 (1997).    The Fourteenth Amendment "forbids the government to

4    infringe ... 'fundamental' liberty interests at all, no matter what process is provided, unless the

5    infringement is narrowly tailored to serve a compelling state interest."   *Reno v. Flores*, 507

6    U.S. 292, 301-302, 113 S. Ct. 1439, 123 L. Ed. 2d. 1 (1993).

7         In their Amended Complaint, Plaintiffs' pled a violation of Plaintiffs' "fundamental

8    right of liberty of conscience." O'Ban Decl., Exhibit A, ¶66.   Plaintiffs wish to clarify that

9    the State's violation of their fundamental right is a substantive due process claim.

10        To facilitate a proper decision on the merits, Plaintiffs must have the opportunity to

11   litigate this valid claim. Defendants will not be prejudiced by the amendment, as trial is not

12   set until November 28, 2011, and the claim was fully briefed in Plaintiffs' response to the

13   Defendants' summary judgment motion filed in May 2010.   Intervenors do not object.

14   Accordingly, the Court should grant leave to clarify its substantive due process claim.

15                          **IV.    CONCLUSION**

16        Amendment of the Complaint is necessary to add claims that were not available

17   initially or are proper to promote the full litigation on the merits of this case. Denial is not

18   necessary to prevent undue delay, bad faith or bad motive. Therefore, justice requires that the

19   amendments be allowed. This Court should grant Plaintiffs leave to amend the Complaint. A

20   copy of the proposed Second Amended Complaint is attached.

21             Respectfully submitted this 28th day of April, 2011.

22

23                               By: s/  Steven T. O'Ban
                                     Steven T. O'Ban, WSBA No. 17265

MOTION FOR LEAVE TO AMEND COMPLAINT
(C07-5374) - 4

*126881 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

1   soban@elmlaw.com
    Kristen K. Waggoner, WSBA No. 27790
2   kwaggoner@elmlaw.com
    2025 First Ave., Penthouse A
3   Seattle, WA 98121
    (206) 682-0565
4   Fax:  (206) 625-1052

5   ALLIANCE DEFENSE FUND
    Benjamin W. Bull (Of Counsel),
6   Arizona Bar #009940
    Steven H. Aden,
7   Virginia Bar # 48036
    15333 N. Pima Road, Ste. 165
8   Scottsdale, AZ 85260
    (480) 444-0020
9   Fax: (480) 444-0028

10  THE BECKET FUND FOR RELIGIOUS
    LIBERTY
11  Luke W. Goodrich,
    D.C. Bar # 977736
12  Eric N. Kniffin
    1350 Connecticut Ave.  NW, Ste. 605
13  Washington, DC 20036
    (202) 349-7200

14

15

16

17

18

19

20

21

22

23

MOTION FOR LEAVE TO AMEND COMPLAINT
(C07-5374) - 5

*126881 (13438.00)

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052