1

2

3

4

5

6

7                                          The Honorable Ronald B. Leighton

8              **UNITED STATES DISTRICT COURT**
        **WESTERN DISTRICT OF WASHINGTON**
9                         **AT TACOMA**

10  STORMANS, INCORPORATED, doing           NO.  C07-5374 RBL
    business as Ralph's Thriftway, et al.,
11                                           STATE DEFENDANTS'
                    Plaintiffs,              RESPONSE TO PLAINTIFFS'
12                                           MOTION FOR PARTIAL
            v.                               SUMMARY JUDGMENT
13
    MARY SELECKY, Secretary of the
14  Washington State Department of Health,   Hearing date:  June 17, 2011
    et al.,
15
                    Defendants,
16
    and
17
    JUDITH BILLINGS, et al.,
18
                    Defendant-Intervenors.
19

20          COME NOW the State Defendants with the following response to Plaintiffs' Motion

21  for Partial Summary Judgment.

22                          **I.      INTRODUCTION**

23

24          The Plaintiffs' motion operates from the erroneous premise that strict scrutiny is the

25  standard to be applied for review of the Board's rules at trial.  Dkt. 468.  Determining the

26  correct standard of review for the Board's rules was the central issue presented to the Ninth

STATE DEFENDANTS' RESPONSE TO          1          ATTORNEY GENERAL OF WASHINGTON
PLAINTIFFS' MOTION FOR PARTIAL                            Agriculture & Health Division
SJ                                                          7141 Cleanwater Drive SW
NO.  C07-5374 RBL                                              PO Box 40109
                                                          Olympia, WA 98504-0109
                                                              (360) 586-6500

1   Circuit.  *Stormans, Inc. v. Selecky, et. al.,* 586 F.3d 1109, 1127-31 (9th Cir. 2009).   In

2   vacating the temporary injunction granted by this court, the Ninth Circuit held that the

3   rational basis test was the correct standard for reviewing the rules.  *Stormans,* 586 F.3d at

4   1137-38.  As mandated by the Ninth Circuit:

5       On remand, the district court must apply the rational basis level of scrutiny to
        determine whether Appellees have demonstrated a likelihood of success on the
6       merits.

7   *Stormans,* 586 F.3d at 1142.

8       No court, including this court prior to remand, has ever found the rules to be subject

9   to strict scrutiny and therefore the State has never had any need to defend the case on the

10  'compelling interest/least restrictive means' basis required under a strict scrutiny standard of

11  review.  Contrary to Plaintiffs' representation, the State has never defended this case under a

12  strict scrutiny analysis and has always maintained that the rational basis test is the correct

13  standard for reviewing the rules.  The Ninth Circuit has definitively agreed with the State's

14  argument that the rules are to be reviewed under the rational basis test.  *Stormans,* 586 F.3d

15  at 1137-38.

16      Whether the rules should be subjected to a heightened standard of review and

17  whether the rules could survive such a review is immaterial.  That fight has been fought.

18  Heightened standards of review, either strict scrutiny or the intermediate standard adopted by

19  this court, were rejected in the decision ordering this court to apply the rational basis test on

20  remand.  *Stormans,* 586 F.3d at 1137-38.  The State has neither the intention nor the need to

21  mount a defense to any heightened standard of review.

22      The sole question on remand is whether the rules pass constitutional muster under the

23  rational basis standard.  *Stormans,* 586 F.3d at 1138.   The Plaintiffs' motion necessarily

24  invites this court to reopen the fight over the standard of review by moving for an order that

25  could be material only if strict scrutiny was a viable theory.   Any theories involving

26  standards of review higher than rational basis have been foreclosed by the express ruling of

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL
SJ
NO.  C07-5374 RBL

2

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1  the Ninth Circuit that the rules are neutral and of general applicability. *Stormans,* 586 F.3d at

2  1137. The Plaintiffs' invitation to act in defiance of the Ninth Circuit's mandate and to once

3  again step into the arena of heightened standards of review should be denied.

## II.    LAW AND ARGUMENT

A.    The Ninth Circuit Resolved The Dispute Over the Correct Standard To Apply To The Rules With A Direct Order For This Court To Apply The Rational Basis Test.

The Ninth Circuit specifically held the rules at issue in this case are neutral and generally applicable. *Stormans,* 586 F.3d at 1137. Therefore, the rational basis standard is to be applied to the rules upon remand to this court. *Stormans,* 586 F.3d at 1137-38. As plainly stated by the Ninth Circuit:

> Because the rules are neutral and generally applicable, the district court should have subjected the rules to the rational basis standard of review. The district court instead introduced a heightened scrutiny to a neutral law of general applicability, contrary to the rule of *Smith* [494 U.S. 872 (1990)] and *Lukumi* [508 U.S. 520 (1993)]. When a law is neutral and generally applicable, the rational basis test applies.

*Stormans,* 586 F.3d at 1137-38.

Under the rational basis standard, the initial inquiry is whether an actual or even a legitimate hypothetical State interest for adopting the rule can be articulated. *Heller v. Doe,* 509 U.S. 312 (1993). It is beyond dispute that promoting timely access to lawful medications is a legitimate State interest. *See Stormans,* 586 F.3d at 1137. Once a legitimate interest has been identified the final inquiry is whether there is a rational connection between the rule and the interest. *Stormans,* 586 F.3d at 1137; *Heller v. Doe,* 509 U.S. at 320. The burden is on the plaintiff to negative every conceivable basis supporting the rules. *Stormans,* 586 F.3d at 1137. As stated by the Ninth Circuit in remanding this case:

> The record before us does not suggest that Appellees have negative every conceivable basis supporting the new rules, so it appears that the new rules are rationally related to Washington's legitimate interest in ensuring that its citizen-patients receive lawfully prescribed medications without delay.

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL
SJ
NO.  C07-5374 RBL

3

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1      The district court, however, has not yet had the opportunity to analyze or to
2      make appropriate factual findings as to whether the new rules are rationally
related to a legitimate governmental purpose. Whether the rules pass muster
3      under the rational basis test must be determined by the district court in the first
instance.

4   *Stormans,* 586 F.3d at 1137-38.

5      The rule making body has no obligation to produce evidence to sustain a rational basis

6   supporting its rule. *Heller,* 509 U.S. at 320. The legislative choice is not subject to courtroom

7   fact-finding and may be based on rational speculation unsupported by evidence or empirical

8   data. *Heller,* 509 U.S. at 320. It is not required that the rule actually advances its stated

9   purpose, nor does a rule fail the rational basis test because a court can articulate a better way

10  for a rule to achieve its purpose. *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1234 (9th

11  Cir. 1994). Further, a rule does not fail the rational basis test because it will provide only a

12  partial solution. *See Schweiker v. Wilson,* 450 U.S. 221 (1981). As long as it is 'at least fairly

13  debatable' that a rule is rationally related to a legitimate purpose, the rule must be upheld.

14  *Kawaoka,* 17 F.3d at 1234.

15      Requiring pharmacies to deliver time sensitive medications on-site when requested by

16  patients could rationally be thought to promote the legitimate interest in promoting timely

17  access to lawful medications. As noted by the Ninth Circuit:

18      How much the new rules actually increase access to medications depends on
how many people are able to get medication that they might previously have
19      been denied based on religious or general moral opposition by a pharmacist or
pharmacy to the given medication. Whatever that number, it will not be
20      smaller than the number of pharmacists or pharmacies affected by the
regulation, so it cannot be shrugged off as insignificant.
21

22  *Stormans,* 586 F.3d at 1135. Indeed, it cannot be disputed that having all time sensitive

23  medications available for delivery on-site will in fact always be the fastest way for patients to

24  access medications. It is immaterial that another rule (such as facilitated referrals) might

25  also promote the State's interests or that some other rule would be even more effective at

26

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL
SJ
NO.  C07-5374 RBL

4

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

achieving the state's interest. *Halverson v. Skagit County,* 42 F.3d 1257, 1262 (9th Circuit 1995).

The Plaintiffs raise two arguments to support their motion for partial summary judgment. Dkt. 468 at p. 7. First, the Plaintiffs once again argue the rules target religion and therefore cannot be legitimate. Dkt. 468 at p. 7. This argument was the focus of the Ninth Circuit's analysis of whether the rules are neutral and generally applicable. That argument has been resolved against Plaintiffs. *Stormans,* 586 F.3d at 1137. The second, and primary argument, is that the State, through the stipulation, admitted that facilitated referral would be superior in some circumstances and could be implemented without endangering patient safety. Dkt. 468 at pp. 7-8.

The Plaintiffs' reliance on the stipulation to support their partial summary judgment arguments establishes only that there are multiple approaches to address timely patient access to medications. Even if a better rule could be devised, it is not the role of the court to rewrite the rule. *Romer v. Evans,* 517 U.S. 620, 632 (1996). Under the rational basis test the court does not judge the efficacy, wisdom or even the fairness of a rule. *Heller,* 509 U.S. at 319. While the stipulation is a new fact, it is not a fact that is material to the issue of whether the existing rule has a rational basis.

It is also undisputed that a practical challenge exists with the delivery of pharmacy services due to the magnitude of over 6,000 drugs on the formulary approved by the FDA.[1] No pharmacy can reasonably be expected to maintain a complete inventory of every drug that could be lawfully requested. Accordingly, Washington has limited the obligation of pharmacies to maintain an inventory of medications representative of its particular patient population. Wash. Admin. Code §246-869-150 (1). Where a pharmacy, in spite of good faith compliance with the stocking rule, does not have a medication in stock, it may very well be the case that a facilitated referral would be the fastest way to deliver the medication.

---

[1] *See www.numberof.net/number-of-fda-approved-drugs.*

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL
SJ
NO.  C07-5374 RBL

5

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1  Under the rational basis test, it is immaterial whether facilitated referral would more

2  effectively accomplish the legitimate purpose of promoting timely access to all medications.

3  *Heller,* 509 U.S. at 319.

4      Furthermore, this is not a case where the Plaintiffs are at risk in spite of their good

5  faith efforts to comply with the rule.  Rather, this is a case where the Plaintiffs refuse to

6  comply with the rule.  In vacating the temporary injunction granted by court, the Ninth

7  Circuit repeated well established law that religious beliefs do not excuse compliance with a

8  law of neutral and general application.  *Stormans,* 586 F.3d at 1129.  The rational basis test

9  does not allow the court to convene a trial in order to identify the best solution to a problem,

10  nor to determine whether a carve-out to a rule could be crafted without endangering the

11  effectiveness of the rest of the rule.  *Heller,* 509 U.S. at 319.  The ruling of the Ninth Circuit

12  that the rules are neutral and generally applicable forecloses the ability of this court to grant

13  Plaintiffs the carve-out they desire.

14  **B.**  The Remand Was To Allow This Court An Opportunity To Make Findings Regarding
    The Rational Basis Standard, But The Case Was Not Remanded To Determine Which
15  Standard Of Review To Apply.

16      After noting that this court had abused its discretion in applying a heightened

17  standard of review to the rules, the Ninth Circuit provided the following direction for inquiry

18  into whether a rational basis supports the rules:

19      The district court, however, has not yet had the opportunity to analyze or to
        make the appropriate factual findings as to whether the new rules are rationally
20      related to a legitimate governmental purpose. Whether the rules pass muster
        under the rational basis test must be determined by the district court in the first
21      instance.

22  *Stormans,* 586 F.3d at 1138-39.

23      Significantly, the Ninth Circuit did not remand the case to determine whether the

24  rules were enacted with religious animus, whether the rules were over or under inclusive, nor

25  to conduct further fact finding as to whether the rules are neutral and generally applicable.

26  All of those questions were answered by the Ninth Circuit.  *Stormans,* 586 F.3d at 1130-38.

STATE DEFENDANTS' RESPONSE TO           6          ATTORNEY GENERAL OF WASHINGTON
PLAINTIFFS' MOTION FOR PARTIAL                              Agriculture & Health Division
SJ                                                         7141 Cleanwater Drive SW
NO. C07-5374 RBL                                                  PO Box 40109
                                                            Olympia, WA 98504-0109
                                                               (360) 586-6500

The question on remand is whether the Plaintiffs can negate every possible rational basis supporting the rules. *Stormans,* 586 F.3d at 1138-39. If the Plaintiffs are able to negative every conceivable basis supporting the rules, then the court should strike down the rules as failing to have a rational basis. If not, then the rules survive. It is as simple as that.

The Ninth Circuit has offered this court the opportunity to make findings as to whether the rules pass muster under the rational basis test. *Stormans,* 586 F.3d at 1138-39. In denying the States' motion for summary judgment, this court gave the Plaintiffs the opportunity at trial to negate every rational basis supporting the rules. However, the Ninth Circuit has foreclosed Plaintiffs' repeated attempts to have this Court apply a heightened standard of review in reviewing the Board's rules.

## III.   CONCLUSION

The Plaintiffs have apparently read this Court's denial of the State's motion for summary judgment as a signal from this Court that the remand from the Ninth Circuit is license for a complete do-over and that this case is to proceed tabla rosa, as if the Ninth Circuit had not ruled on the neutrality and general applicability of the rules. The Ninth Circuit did not remand the case with an instruction to gather additional evidence on whether the rules are neutral and generally applicable.

We are not dealing with a blank slate on remand. The inquiry into whether the rules have a rational basis is the limited question presented for remand. *Stormans,* 586 F.3d at 1138-39. Granting the Plaintiffs' motion is not possible without sanctioning the viability of a theory under which a heightened standard of review will be applied by this court at trial. Such a theory is not viable because it has been foreclosed by the ruling of the Ninth Circuit that the Board's regulations are neutral and generally applicable. *Stormans,* 586 F.3d at 1137. Therefore, the Plaintiffs' motion for partial summary judgment must be denied.

STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL
SJ
NO.  C07-5374 RBL

7

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1    DATED this 13th day of June, 2011.

2                                        ROBERT M. MCKENNA
                                         Attorney General
3

4                                        /s/Rene D. Tomisser
                                         RENE D. TOMISSER, WSBA #17509
5                                        Senior Counsel
                                         Attorney for Defendants Department of Health
6                                        and Board of Pharmacy
                                         Attorney General's Office
7                                        P.O. Box 40109
                                         Olympia, WA 98504-0109
8                                        360-586-6500

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STATE DEFENDANTS' RESPONSE TO            8            ATTORNEY GENERAL OF WASHINGTON
PLAINTIFFS' MOTION FOR PARTIAL                            Agriculture & Health Division
SJ                                                            7141 Cleanwater Drive SW
NO.  C07-5374 RBL                                                   PO Box 40109
                                                               Olympia, WA 98504-0109
                                                                   (360) 586-6500

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2011, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kristen K. Waggoner  kwaggoner@elmlaw.com
Luke W. Goodrich  lgoodrich@becketfund.org
Steven H. Aden  saden@telladf.org
Benjamin W. Bull  bbull@telladf.org
Steven Thomas O'Ban  soban@elmlaw.com
Joyce Roper  joycer@atg.wa.gov
Alan Copsey  alanc@atg.wa.gov
Laura F. Einstein  laura.einstein@ppww.org
Lisa M. Stone  lstone@legalvoice.org
Molly A. Terwilliger  mollyt@summitlaw.com
Rima J. Alaily  rima.alaily@gmail.com
Sara Ainsworth  sainsworth@legalvoice.org
Thomas L. Boeder  tboeder@perkinscoie.com
Gretchen Freeman Cappio  gcappio@kellerrohrback.com
Rebecca Jane Roe  roe@sgb-law.com
Andrew L. Greene  agreene@perkinscoie.com
Hilary Bramwell Mohr  hmohr@riddellwilliams.com
Scott A. Smith  ssmith@riddellwilliams.com
Andrew L. Greene  agreene@perkinscoie.com
Hilary Bramwell Mohr  hmohr@riddellwilliams.com
Scott A. Smith  ssmith@riddellwilliams.com
Vanessa Soriano Power  vspower@stoel.com
Jessica M. Andrade  andrade.jessica@dorsey.com

/s/Rene D. Tomisser
RENE D. TOMISSER, WSBA #17509
Senior Counsel
Attorney for Defendants Department of Health and Board of Pharmacy
Attorney General's Office
P.O. Box 40109
Olympia, WA  98504-0109
360-586-6500

STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SJ
NO. C07-5374 RBL

9

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500