Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STORMANS, INCORPORATED, et al.,

    Plaintiffs,

vs.

MARY SELECKY, Secretary of the Washington State Department of Health, et al.,

    Defendants,

and

JUDITH BILLINGS, et al.,

    Intervenors.

Civil Action No. C07-5374 RBL

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND TO COMPEL DISCOVERY

**NOTE ON MOTION CALENDAR: October 7, 2011**

## AUTHORITY AND ARGUMENT

**A.    Plaintiffs acted diligently and good cause exists to compel the depositions.**

Plaintiffs requested documents from Defendants in February 2011, notified Defendants of proposed deponents prior to the discovery cutoff, attempted to obtain information from other witnesses once Defendants made the untimely disclosure of Moyer's notes, and then sought Defendants' cooperation before bringing this motion. Ironically,

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 1

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)

Defendants actually argue that Plaintiffs' efforts to obtain the information about the Moyer notes from another witness resulted in an undue delay. Plaintiffs have acted diligently to discover the information Defendants withheld and Defendants have not shown how they will be prejudiced by the depositions. Plaintiffs' motion to compel should be granted.

Defendants' response that they listed Moyer as a person with knowledge in March 2011 begs the question of why it took Defendants five months to turn over his notes. A party responding to document requests has an affirmative duty to seek information available to it from its employees, agents, or others under its control. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal. 2006). Defendants fail to explain why they did not ask Moyer about his notes at the time they identified him as a person with knowledge. The salient fact is not solely that Defendants produced the notebook "only" days after the discovery cutoff, but that this production was nearly <u>five months</u> after Plaintiffs asked for it – months that would have given the parties sufficient time had Defendants fulfilled their duty and timely complied with the discovery requests. Defendants should not be allowed to wait until after the deadline passes and then use the deadline as a sword against Plaintiffs.[1]

Once Plaintiffs became aware of the notes and their author, they reasonably attempted to obtain the information from witnesses whose depositions had been scheduled prior to the disclosure of the notes. Unfortunately, Assistant Secretary Jensen had no meaningful recollection of the meetings she attended with Moyer, even when she was shown Moyer's notes of the meetings. Plaintiffs' attempt to use other discovery means rather than turning to a

---

[1] Defendant-Intervenors go one step further and complain about the noting of this Motion after the discovery deadline – and then ask the Court to delay consideration of the motion for an additional week. Plaintiffs' Motion is properly noted under Local Rule CR 7(d)(2) as a motion "for relief from a deadline."

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 2

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565 Fax: 206•625•1052

*129654 (13438.00)

motion as a first resort is favored and does not display a lack of diligence. *See Riley v. United Air Lines, Inc.*, 32 F.R.D. 230, 233 (S.D.N.Y. 1962) ("[I]t would not be wise … to require a party to make a motion to compel further answers when the information he seeks might be available through other discovery devices.").

Nor does Plaintiffs' possession of Moyer's name since March 2011 show "carelessness" as suggested by Defendants. Plaintiffs developed their deposition plan based on the incomplete discovery responses provided by Defendants in March 2011. The fact that five months passed before the importance of the testimony of Moyer and Selecky became clear – when Defendants finally turned over the notebook as part of a tardy supplemental production that contained nearly 1000 pages – should not be held against Plaintiffs when Defendants had the obligation to timely produce this material in the first place.[2]

Finally, Defendants have not articulated any prejudice they will suffer from these two depositions that will conclude discovery. They do not explain what "pretrial matters" will be disrupted by Plaintiffs interviewing witnesses that Defendants have had access to all along, particularly when trial is nearly two months away. In *Design Strategies, Inc. v. Davis*, 228 F.R.D. 210 (S.D.N.Y. 2005), a company objected when one of its former senior employees was named as a witness by the opposing party just nine days before the trial. The court found no prejudice since the company was familiar with the employee and the nine days until trial provided "sufficient time" for the company to depose him. *Id.* at 212. Although Defendants' late supplemental disclosure of Moyer's notes indicate they might not have fulfilled their affirmative obligation to discover the information Moyer possessed, Defendants have

---

[2] Defendant-Intervenors' argument that the discovery deadlines should be respected is noticeably devoid of any comment on the "grossly untimely" production by their co-party – which necessitated this Motion – and adds nothing to the analysis.

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 3

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)

certainly known about him and had access to him since March 2011 at the latest. Any information provided in the course of the depositions should come as no surprise to Defendants and should require no reordering of their trial strategy.

**B.      Plaintiffs have demonstrated the need to depose Selecky and Moyer.**

Plaintiffs have shown that "exceptional circumstances" exist and that the deposition of Selecky is necessary. Although Defendants make only the briefest pass at arguing relevance, the facts show that all of the required elements are present and favor the motion to compel. Defendant-Intervenors make a slightly better attempt at arguing relevance, but fail to acknowledge that even by their own standard – evidence before a legislative body during lawmaking – testimony about Selecky's efforts to direct the 2010 rulemaking process is highly relevant. Plaintiffs do not concede that the inquiry is limited simply to evidence before BOP in 2006. Neither does the Court, which indicated the issues for decision include what was done during the rulemaking (both in 2006 and 2010), what prompted the regulations, how they operate in reality, and whether or not the accommodations are "fanciful or real." Dkt. #475 at 9 (quoting the Court's comments at the hearing on June 15, 2010).

Selecky is the Secretary of Health, appointed by, and serving at the pleasure of, the Governor. All BOP staff are hired and supervised by managers serving under Selecky. Unlike the 2006 rulemaking, Selecky for the first time in 2010 sent a direct communication to BOP telling it what result it should reach. Dkt. #485, Exhibit I. Moyer's notes refer to her individual meetings with the Governor and meetings between Selecky, Moyer and other members of DOH regarding BOP's decision to re-open rulemaking to allow facilitated referral. Plaintiffs are entitled to explore those details. If evidence regarding the 2010 rulemaking process was not relevant, the Court would not have permitted discovery on this

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 4

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)

very subject back in January. But it did. Dkt. #452. And if Defendants and Defendant-Intervenors truly believe that anything Moyer or Selecky have to say is irrelevant, their concerns about disruptions to their pre-trial preparations ring hollow.

Defendants correctly note that depositions of high-level officials are not normally granted, but fail to acknowledge that this limitation is not absolute. *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007). "Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated." *Id.* The cases cited by Defendants state the "extraordinary circumstances" test is met where (1) the officials have "direct personal factual information" about material issues in the case and (2) the information is unavailable through other sources. *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008). Here, Selecky has personal knowledge of her own actions to shape the 2010 rulemaking process – which is, without a doubt, one of the main issues in this case. And Plaintiffs cannot get that information through other sources, because no one else can speak for her personal actions and no one seems to remember the meetings they attended with Selecky.

Defendants cannot have it both ways – they cannot fault Plaintiffs for trying to get the information through other means (such as the deposition of Assistant Secretary Jensen) while at the same time claiming that Plaintiffs must show they tried other means to get the information before they are allowed to depose Selecky. Defendants also cannot credibly claim that such a deposition would be burdensome to Selecky as a high-level official, as she was deposed earlier in the litigation about the 2006 rulemaking process, without objection from the State. Soliciting information from her about the 2010 rulemaking is just as relevant to the case and important to the full and fair presentation of the facts as such testimony was

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)

when she was questioned about the 2006 rulemaking process in January 2009. The Court should compel the depositions of Moyer and Selecky.

## CONCLUSION

The presentation of the important issues in this case should not be held hostage by the gamesmanship of Defendants during the most recent discovery process. Defendants waited nearly five months to provide materials responsive to Plaintiffs requests and should not be heard to complain that now there is too little time left until trial. Plaintiffs have diligently pursued the information they seek from Moyer and Selecky and have attempted other means of obtaining it. Plaintiffs have shown good cause why these depositions should proceed. Defendants have not shown any prejudice because there is none. The Court should grant Plaintiff's motion to compel.

Respectfully submitted this 6th day of October, 2011.

By: /s/ Kristen K. Waggoner

Steven T. O'Ban, WSBA # 17265
soban@elmlaw.com
Kristen K. Waggoner, WSBA # 27790
kwaggoner@elmlaw.com
2025 First Ave., Penthouse A
Seattle, WA 98121
(206) 682-0565
Fax: (206) 625-1052

ALLIANCE DEFENSE FUND
Benjamin W. Bull (Of Counsel),
Arizona Bar # 09940
Steven H. Aden,
Virginia Bar # 48036
15333 N. Pima Road, Ste. 165
Scottsdale, AZ 85260
(480) 444-0020
Fax: (480) 444-0028

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 6

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)

THE BECKET FUND FOR RELIGIOUS LIBERTY
Luke W. Goodrich,
District of Columbia Bar # 977736
Eric Kniffin
District of Columbia Bar # 999473
1350 Connecticut Ave. NW, Ste. 605
Washington, DC 20036
(202) 349-7200

REPLY FOR MOTION FOR RELIEF FROM DEADLINE AND
TO COMPEL DISCOVERY
(C07-5374) - 7

ELLIS, LI & MCKINSTRY PLLC
Attorneys at Law
2025 First Avenue, Penthouse A
Seattle, WA 98121-3125
206•682•0565  Fax: 206•625•1052

*129654 (13438.00)