The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| STORMANS, INCORPORATED, doing business as Ralph's Thriftway, et al., | NO.  C07-5374 RBL |
| Plaintiffs, | DEFENDANTS' BENCH BRIEF ON FIRST AMENDMENT ESTABLISHMENT CLAUSE IMPLICATIONS OF RELIGIOUS EXCEPTIONS FROM NEUTRAL LAWS OF GENERAL APPLICABILITY |
| v. | |
| MARY SELECKY, Secretary of the Washington State Department of Health, et al., | |
| Defendants, | |
| and | |
| JUDITH BILLINGS, et al., | |
| Defendant-Intervenors. | |

On November 8, 2007, this Court granted Plaintiffs' Motion for a Preliminary Injunction [Dkt. No. 95], directing the State Defendants to not enforce the challenged rules against any pharmacist or pharmacy which refused but referred a patient requesting Plan B to a nearby source for Plan B.  On March 6, 2009, while the Ninth Circuit decision on the appeal of the Preliminary Injunction was pending and trial was scheduled for July 2009, this Court entered the Stipulation and Order Granting Defendants and Defendant-Intervenors'

DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO.  C07-5374 RBL

1

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1  Joint Motion for Stay of Proceedings Pending Decision by Ninth Circuit Court of Appeals

2  [Dkt. No. 355]. That Stipulation and Order required the State Defendants to not enforce the

3  subject rules against the named Plaintiffs regardless of the decision of the Ninth Circuit, until

4  this Court had the opportunity to ultimately decide this case, if the named Plaintiffs refused

5  and referred patients requesting Plan B to a nearby source for Plan B.

6       Plaintiffs' case in chief and, on occasion, this Court's questions have suggested that a

7  "refuse and refer" alternative would accommodate Plaintiffs' religious beliefs. RealTime

8  Transcript of Proceedings, Dec. 9, 2011, 119:21-24 (Court's examination of Susan Boyer).

9  For the reasons stated herein, an accommodation specific to Plaintiffs' religious beliefs and

10  objections would implicate the prohibitions in the First Amendment's Establishment Clause.

11
12  **THE ESTABLISHMENT CLAUSE IS VIOLATED WHEN GOVERNMENT DIFFERENTIATES AMONG RELIGIOUS BELIEFS**

13       As Justice Kennedy discusses in his majority opinion in *Lee v. Weisman,* "[t]he

14  principle that government may accommodate the free exercise of religion does not supersede

15  the fundamental limitations imposed by the Establishment Clause." *Lee v. Weisman,*

16  505 U.S. 577, 587 (1992). Justice Kennedy explains that "the lesson of history that was and

17  is the inspiration for the Establishment Clause, the lesson that in the hands of government

18  what might begin as a tolerant expression of religious views may end in a policy to

19  indoctrinate and coerce." *Id.* at 591-92. While in *Weisman,* the Court was examining the

20  issue of including prayers in the graduation ceremonies in the public schools, the following

21  quote seems equally applicable when patients are unable to access health care due to

22  imposition of religious beliefs by those entrusted with a state license to provide health care:

23       What to most believers may seem nothing more than a reasonable request that
     the nonbeliever respect their religious practices, . . . may appear to the
24       nonbeliever or dissenter to be an attempt to employ the machinery of the State
     to enforce a religious orthodoxy.

25  *Weisman,* 505 U.S. at 592.

26
DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO. C07-5374 RBL

2

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1       The Board's Pharmacists' Professional Responsibilities rule permits pharmacists to

2   refuse to provide health care for any reason; however, the Board assured timely access to

3   health care by requiring the pharmacy to deliver medications for its patients.  Wash. Admin.

4   Code § 246-863-095.  If this Court allows pharmacies to interpose their religious beliefs to

5   deny health care to its patients, the Court would put the state in the role of endorsing the

6   religious beliefs which view life as commencing upon fertilization.  This is not permissible

7   under the First Amendment's Establishment Clause.

8       As recognized in *Lemon v. Kurtzman*, the analysis whether government activity

9   violates the First Amendment's Establishment Clause begins with an examination of whether

10  (1) the statute or regulation has a secular legislative purpose, (2) its principal or primary

11  effect is one that neither advances nor inhibits religion, and (3) it fosters excessive

12  government entanglement with religion.  *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971).

13  A specific exclusion in the Board's Pharmacies' Responsibilities Rule, Wash. Admin. Code §

14  246-869-010, and, presumably, the Board's stocking rule, Wash. Admin. Code § 246-869-

15  150, for pharmacies which believe life begins upon fertilization and that Plan B and *ella* end

16  human life implicates the second and third prong of the *Lemon* test.

17      In *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-day Saints v. Amos*,

18  the Court noted that "*Lemon's* 'purpose' requirement aims at preventing . . . [government]

19  from abandoning neutrality and acting with the intent of promoting a particular point of view

20  in religious matters."  *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-day*

21  *Saints v. Amos,* 483 U.S. 327, 335 (1987).  Carving out an exception for a specific class of

22  medication or for those who believe that life begins upon fertilization (or both) abandons the

23  neutrality in the Board's rules and advances "a particular point of view in religious matters."

24  *Id.*  In addition, as discussed in *Lemon,* the excessive entanglement with religion would be

25  fostered even when "[a] given law might not establish a state religion but nevertheless be one

26

DEFENDANTS' BENCH BRIEF ON          3           ATTORNEY GENERAL OF WASHINGTON
FIRST AMENDMENT                                  Agriculture & Health Division
ESTABLISHMENT CLAUSE                        7141 Cleanwater Drive SW
IMPLICATIONS OF RELIGIOUS                  PO Box 40109
EXCEPTIONS FROM NEUTRAL LAWS         Olympia, WA 98504-0109
OF GENERAL APPLICABILITY –            (360) 586-6500
NO.  C07-5374 RBL

1   'respecting' that end in the sense of being a step that could lead to such establishment and

2   hence offend the First Amendment."  *Lemon,* 403 U.S. at 612,

3       As recognized in *McCreary Cy. v. ACLU,*

4       *Manifesting a purpose to favor one faith over another*, or adherence to
religion generally, clashes with the 'understanding, reached . . . after
decades of religious war, that liberty and social stability demand a religious

5   tolerance that respects religious views of all citizens . . . .  By showing a
purpose to favor religion, the government 'sends the . . . message to . . .

6   nonadherents that they are outsiders, not full members of the political
community, and an accompanying message to adherents that they are

7   insiders, favored members . . . .

8   *McCreary Cy. v. ACLU,* 545 U.S. 844, 860 (2005), *citing Zelman v. Simmons-Harris,* 536

9   U.S. 639, 718 (2002) and *Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290, 309-10

10   (2000), (emphasis added) (internal quotes omitted).   The Court also notes in *McCreary*

11   *County,* "[t]he touchstone for our analysis is the principle that the First Amendment mandates

12   governmental neutrality *between religion and religion, and between religion and*

13   *nonreligion." McCreary,*545 U.S. at 860 (emphasis added).  *See also, Cy. of Allegheny v.*

14   *ACLU,* 492 U.S. 573, 610-11(1989) ["The government does not discriminate against any

15   citizen on the basis of the citizen's religious faith if the government is secular in its functions

16   and operations.   On the contrary, the Constitution mandates that the government remain

17   secular, rather than affiliate itself with religious beliefs or institutions, precisely in order to

18   avoid discriminating among citizens on the basis of their religious faiths. . . . To be sure, in a

19   pluralistic society there may be some would-be theocrats, who wish that their religion were

20   an established creed, and some of them perhaps may be audacious enough to claim that the

21   lack of established religion discriminates against their preferences.   But this claim gets no

22   relief, for it contradicts the fundamental premise of the Establishment Clause itself."].

23

24

25

26     DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO.  C07-5374 RBL

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

**A Generalized Exception For All Religious Beliefs Is Not Required Under the First Amendment And Intrudes Into the Policy Decision Of The Board**

Plaintiffs have not, and cannot, point to any authority requiring that neutral laws of general applicability include an exception for all religious beliefs.[1]  Nor, as illustrated by the cases cited above, can they demand an exception solely for the religious beliefs of the three Plaintiffs.

The Board went through an exhaustive public process before adopting Wash. Admin. Code §§ 246-863-095 and 246-869-010.   The Board heard and reviewed testimony and public comments from individuals and organizations requesting a religious or conscience exception.   Other public testimony and comments suggested allowing pharmacists and pharmacies to decide for *any* reason not to serve this patient, or not to dispense particular medications.   After evaluating all of the extensive public comment, the Board exercised its legislative authority and adopted rules which did not shift the burden to patients for time critical access to medications for their health care needs.   The Board adopted these rules consistent with their mission to assure safe access to health care for the people of this state.

These rules are neutral and generally applicable, reflecting a careful balancing of the public interests by the Board.   There is a rational basis for these rules.   The Court should not substitute its judgment for that of the Board, even if the Court would have balanced the public interests differently and would have proposed a different rule.   *See, F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 315 (1993); *National Assoc. for Advancement of Psychoanalysis v. California Board of Psychology,* 228 F. 3d 1043, 1051 (9th Cir. 2000).

---

[1] Legislation may include a generalized exception, such as the **opt-in** provision in the Death with Dignity Initiative, Wash. Rev. Code § 70.245.190(d) and (2)(a), and the Congressionally enacted Section 6(j) of the Military Selective Service Act, 50 U. S. C., App. 456(j), for conscientious objectors to military conscription; however, such grants of legislative grace are not constitutionally mandated.   *In re Summers,* 325 U.S. 561, 572-73 (1945); *Hamilton v. Regents,* 293 U.S. 245, 264 (1934).

DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO. C07-5374 RBL

5

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

**CONCLUSION**

It would have been unconstitutional for the Board to single out a specific religious belief for different treatment under the rules.   The Board's decision to not carve out the specific exception desired by the Plaintiffs does not make the rules unconstitutional under the First Amendment's free exercise clause.  Singling out Plaintiffs' religious belief for different treatment violates the Establishment Clause of the First Amendment.

While the Court may be of the opinion that it would have balanced the multiple public interests differently and proposed a different rule, the Court should not substitute its judgment for that of the Board.  This Court is not being asked to evaluate the wisdom of the option chosen by the Board.  Instead, the Court is being asked to decide if the Board's rules are unconstitutional.   The Court is not being asked whether it agrees with how the Board exercised its discretion.

Under the legal standards which this Court must apply, the Board's rules are neutral and generally applicable.   The Plaintiffs have not negated every rational basis.   The rules treat all pharmacies and pharmacists the same.   The Board adopted the rules applying the process that was due.  The Board's rules are constitutional.

RESPECTFULLY SUBMITTED this 21st day of December, 2011.

ROBERT M. MCKENNA
Attorney General

/s/ Joyce A. Roper
JOYCE A. ROPER, WSBA #11322
Senior Assistant Attorney General
RENE TOMISSER, WSBA #17509
Attorney for Defendants Department of Health and Board of Pharmacy
Attorney General's Office
P.O. Box 40109
Olympia, WA  98504-0109

DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO.  C07-5374 RBL

6

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500

1

**CERTIFICATE OF SERVICE**

2

      I hereby certify that on December 21, 2011, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

3

4

5    Kristen K. Waggoner  kwaggoner@elmlaw.com
      Luke W. Goodrich  lgoodrich@becketfund.org
6    Steven H. Aden  saden@telladf.org
      Benjamin W. Bull  bbull@telladf.org
7    Steven Thomas O'Ban  soban@elmlaw.com
      Joyce Roper  joycer@atg.wa.gov
8    Alan Copsey  alanc@atg.wa.gov
      Laura F. Einstein  laura.einstein@ppww.org
9    Lisa M. Stone  lstone@legalvoice.org
      Molly A. Terwilliger  mollyt@summitlaw.com
10   Rima J. Alaily  rima.alaily@gmail.com
      Sara Ainsworth  sainsworth@legalvoice.org
11   Thomas L. Boeder  tboeder@perkinscoie.com
      Gretchen Freeman Cappio  gcappio@kellerrohrback.com
12   Rebecca Jane Roe  roe@sgb-law.com
      Andrew L. Greene  agreene@perkinscoie.com
13   Hilary Bramwell Mohr  hmohr@riddellwilliams.com
      Scott A. Smith  ssmith@riddellwilliams.com
14   Andrew L. Greene  agreene@perkinscoie.com
      Hilary Bramwell Mohr  hmohr@riddellwilliams.com
15   Scott A. Smith  ssmith@riddellwilliams.com
      Vanessa Soriano Power  vspower@stoel.com
16   Jessica M. Andrade  andrade.jessica@dorsey.com

17

18

                 /s/Joyce A. Roper
19                 JOYCE A. ROPER, WSBA #11322
                Senior Assistant Attorney
20                 General Attorney for Defendants Department of
                Health and Board of Pharmacy
21                 Attorney General's Office
                P.O. Box 40109
22                 Olympia, WA  98504-0109
                360-586-6500

23

24

25

26

DEFENDANTS' BENCH BRIEF ON
FIRST AMENDMENT
ESTABLISHMENT CLAUSE
IMPLICATIONS OF RELIGIOUS
EXCEPTIONS FROM NEUTRAL LAWS
OF GENERAL APPLICABILITY –
NO.  C07-5374 RBL

           7

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
(360) 586-6500