**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEGAL VOICE, FKA Northwest Women's Law Center, *Non-Party-Appellant*, <br><br> v. <br><br> STORMANS INC., DBA Ralph's Thriftway; RHONDA MESLER; MARGO THELEN, *Plaintiffs-Appellees*. | No. 12-35224 <br><br> D.C. No. 3:07-cv-05374-RBL <br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
October 10, 2013—Seattle, Washington

Filed December 31, 2013

Before: A. Wallace Tashima, Susan P. Graber,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Tashima

2          LEGAL VOICE V. STORMANS, INC.

## SUMMARY[*]

### Discovery

The panel affirmed the district court's denial of sanctions under Fed. R. Civ. P. 45(d)(1), reversed the denial of costs under Fed. R. Civ. P. 45(d)(2)(B)(ii), and remanded in an appeal related to a discovery dispute that arose in an action challenging Washington's rules that require pharmacies to maintain a representative assortment of drugs for which there is patient demand and to dispense prescription drugs and drugs approved by the Food and Drug Administration for "restricted distribution," unless one of several enumerated exceptions applies.

Plaintiffs served a subpoena duces tecum seeking production on documents on the Law Center, a non-party that had participated in the rule-making process and was among the organizations that had reported incidences of pharmacists refusing to dispense emergency contraception. The Law Center raised various objections to the subpoena and requested in the alternative that, if it were compelled to produce any documents, that plaintiffs be required to reimburse the costs of compliance pursuant to Rule 45(d)(2)(B)(ii).

The panel first rejected plaintiffs' assertion that it lacked jurisdiction over the appeal because the Law Center did not immediately appeal any of the three orders related to the discovery dispute, but appealed only after final judgment was

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

entered in the action.  The panel held that a non-party may appeal an interlocutory order within thirty days after entry of final judgment to the same extent that a party may appeal such an order.

The panel held that Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant. Thus, rather than considering whether compliance with a subpoena was unduly burdensome, the district court should have considered only whether that cost was significant.  Applying the correct standard, the panel concluded that the $20,000 expended by the Law Center was "significant."  Accordingly, the panel reversed the district court's denial of costs and remanded for a  determination of the proper allocation of costs under Rule 45(d)(2)(B)(ii).

The panel concluded that the district court did not abuse its discretion in declining to impose sanctions under Rule 45(d)(1).  The panel held that given that there was at least some ambiguity in the meaning of the district court's first two discovery orders, the district court did not abuse its discretion in finding that plaintiffs did not necessarily act in bad faith in interpreting the orders in the way they did.

## COUNSEL

Scott A. Smith (argued) and Daniel J. Gunter, Riddell Williams P.S., Seattle, Washington, for Non-Party-Appellant.

Steven T. O'Ban (argued) and Kristen K. Waggoner, Ellis, Li & McKinstry, PLLC, Seattle, Washington, for Plaintiffs-Appellees.

**OPINION**

TASHIMA, Circuit Judge:

Legal Voice, f/k/a Northwest Women's Law Center ("Law Center"), appeals the district court's denial of sanctions and costs under Federal Rule of Civil Procedure 45(d) ("Rule 45(d)").[1] We must determine first whether we have jurisdiction over this appeal and, if so, whether the district court abused its discretion in denying the Law Center's requests for costs and sanctions. As to the first question, we conclude that we have jurisdiction. As to the merits, we affirm the district court's denial of sanctions, but reverse the district court's denial of costs.

**I.**

This appeal relates to a discovery dispute that arose in this action challenging Washington's rules that require pharmacies to maintain a representative assortment of drugs for which there is patient demand and to dispense prescription drugs and drugs approved by the Food and Drug Administration for "restricted distribution," unless one of several enumerated exceptions applies. The Washington State Board of Pharmacy ("Board") promulgated the rules in April 2007 in response to its concern that there was a lack of clear authority regarding the destruction or confiscation of lawful prescriptions. The Board became concerned with this problem in early 2006 when it received reports of incidents

---

[1] The 2013 amendment to the Federal Rules of Civil Procedure renumbered Rule 45. Rule 45(c), which was in effect when the district court entered its orders and the parties argued this appeal, was renumbered and now appears, without substantive change, as Rule 45(d).

across the country in which pharmacists had refused to dispense emergency contraception, including one instance in which a pharmacist ripped up a patient's prescription. The Law Center was among the organizations bringing these reports to the Board's attention. The Law Center was also a member of a task force that participated in the rule-making process. The task force held a series of meetings and developed the draft text of the rules that were ultimately approved by the Board and that are the subject of the underlying action.

Stormans, Inc., doing business as Ralph's Thriftway, Rhonda Mesler, and Margo Thelen ("Plaintiffs") filed suit challenging the rules. In this action, Plaintiffs served a subpoena duces tecum on the Law Center seeking production of fourteen categories of documents. Among the requested documents were any communications concerning the challenged regulations between the Law Center and the Board, the Washington State Human Rights Commission, the Governor's Office, and other advocacy groups. The subpoena also sought internal Law Center communications pertaining to the regulations, as well as general information concerning the Law Center's membership and employees. The Law Center objected to the subpoena on various grounds, including that the requested documents were irrelevant, protected by the First Amendment, and protected by the attorney-client privilege. When Plaintiffs filed a motion to compel, the Law Center raised these objections and requested in the alternative that, if it were compelled to produce any documents, Plaintiffs be required to reimburse the costs of compliance pursuant to Rule 45(d)(2)(B)(ii). On October 28, 2008, the district court granted the motion to compel as to six of the fourteen categories of documents and denied the motion as to the remaining requests. The district court further

ordered that "[e]ach party will bear its own costs incurred in connection with these motions."

Plaintiffs and the Law Center thereafter disputed the scope of the district court's order. The Law Center asserted that the compelled production was limited to actual communications with government decision-makers, while Plaintiffs asserted that the Law Center was required to produce any documents, including internal documents, "related to" such communications. The Law Center (and other advocacy groups) then filed a motion for clarification. In that motion, the Law Center sought additional clarification on the issue of costs. The district court issued a second order, explaining that it had previously sought "to draw a distinction between (A) actual communications between Non-Parties and those persons or entities responsible for promulgating the regulations that are the subject of this dispute and (B) internal communications among Non-Parties, their members, allies and affiliates related to why or how they communicated to government decision-makers." The district court stated that it had intended to compel production of the former, but not the latter. As to the issue of costs, in its order of November 24, 2008, the district court held that "[t]he scope of production has been sufficiently limited by the Court such that the cost of producing said documents should not be overly burdensome."

The district court's efforts at providing clarification proved futile; Plaintiffs and the Law Center continued to dispute the scope of the required production. Plaintiffs filed another motion to compel, seeking, inter alia, "information related to mental impressions or internal communications concerning actual communications . . . with governmental agencies involved with rulemaking," and "information related

to internal communications . . . related to 'why or how to communicate to governmental agencies.'"  In opposing this motion, the Law Center renewed its request for costs and fees.  In support of its opposition to the motion, the Law Center filed the declaration of Lisa Stone, its Executive Director, claiming that the Law Center had by then incurred roughly $20,000 in expenses in complying with the subpoena.  That this amount was expended in the Law Center's compliance efforts is unchallenged.

On March 3, 2009, the district court denied Plaintiffs' second motion to compel.  It referred to the previous distinction it had drawn between external and internal communications.  The district court rejected the Law Center's renewed request for costs and fees without explanation, stating only that it was denying "all motions or requests for fees or sanctions."

The Law Center did not immediately appeal any of the three orders related to the discovery dispute.  On March 22, 2012, thirty days after final judgment was entered in this action, the Law Center filed a notice of appeal.  The Law Center appeals only the district court's denial of costs and sanctions under Rule 45(d).

**II.**

Plaintiffs contend that this court lacks jurisdiction over the Law Center's appeal because the Law Center, as a non-party, was required to appeal within thirty days of the entry of the respective orders denying costs and sanctions, making the appeal filed after entry of final judgment untimely.  We disagree.

We have not addressed whether a non-party may appeal a collateral order after final judgment, rather than only within thirty days of the entry of the order. Although we have previously considered our jurisdiction over non-party appeals of interlocutory orders, none of these cases addressed whether a non-party may await final judgment to appeal such an order. In *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982), for example, we addressed whether the collateral order doctrine permitted non-party witnesses to appeal an order denying their motion for reimbursement *before* entry of final judgment. *Id.* at 365. We concluded that such an immediate appeal was permissible. *Id. Columbia Broadcasting*, however, did not address whether a non-party may also appeal an interlocutory discovery order *after* entry of final judgment.

*SEC v. Capital Consultants LLC*, 453 F.3d 1166 (9th Cir. 2006) (per curiam), similarly did not address the precise question presented here. In *Capital Consultants*, we considered whether we had jurisdiction over an appeal of an interlocutory order, filed *before* entry of final judgment, that was neither rendered final pursuant to Federal Rule of Civil Procedure 54(b) nor appealable under the collateral order doctrine. *Id.* at 1170–75. We concluded that we did not. Like *Columbia Broadcasting*, *Capital Consultants* said nothing about whether a non-party may appeal a collateral or interlocutory order *after* entry of final judgment. *See also David v. Hooker*, 560 F.2d 412, 416–17 (9th Cir. 1977) (holding that an order directing a non-party to pay attorney's fees as a sanction was immediately appealable, but not addressing whether a non-party can appeal a collateral discovery order after the entry of final judgment).

Whether a non-party may appeal an interlocutory order after entry of final judgment is therefore an open question in this circuit. We now hold that a non-party may appeal an interlocutory order within thirty days after entry of final judgment to the same extent that a party may appeal such an order.

Several circumstances persuade us that a non-party may appeal an interlocutory order after entry of final judgment. First, appeal after final judgment is the default rule under 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4. Thus, our decision today merely applies the general rule to non-parties. Moreover, our prior cases have generally held that even when parties *may* immediately appeal an interlocutory order, they are not *required* to do so. *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1401 (9th Cir. 1997) ("A party does not lose the right to appeal an interlocutory order by not immediately appealing and waiting for the final judgment."). In other words, had Plaintiffs wanted to appeal the orders at issue in this case, they could have awaited final judgment. *Id.* Plaintiffs' proposed rule would therefore allow parties either to appeal immediately upon entry of the order or to await the entry of a final judgment, but would require non-parties to appeal within thirty days of the entry of the order or lose the right to appeal. We reject a rule with this effect; all potential appellants should be in the same position with regard to the timing of an appeal from the same order.[2]

Plaintiffs' proposed rule also would promote piecemeal appeals. In this case, such a rule would have required the

---

[2] It would also remain an open question under Plaintiffs' proposed rule whether, if one party appeals after the entry of a final judgment, a non-party may then file a cross-appeal from the same order.

Law Center to appeal each of the three separate orders denying sanctions.  Further, similar orders could have followed as discovery continued.  Indeed, it was unclear at the time of the entry of each of these orders whether there would be future discovery requests for which the district court might order sanctions and/or costs.  Accordingly, Plaintiffs' proposed rule would have required at least three separate appeals, and possibly more.  Obviously,  a rule requiring only non-parties immediately to appeal an interlocutory discovery order of this nature promotes inefficiency. *See Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950) (recognizing "the inconvenience and costs of piecemeal review" as one of the most important considerations when determining whether an order can be appealed).

Finally, Plaintiffs will suffer no prejudice if the Law Center is permitted to appeal now.  The record contains no indication that Plaintiffs have in any way relied on their belief that the Law Center's time for appeal had expired, nor do Plaintiffs identify any substantive right that would be prejudiced by permitting this appeal to proceed.  Moreover, the appeal of the discovery orders coincided with the State's appeal of the decision on the merits, so the Law Center's appeal after entry of judgment did not disturb the finality of the case or draw out its conclusion.

For these reasons, we hold that a non-party may appeal an interlocutory order after the entry of final judgment to the same extent a party can appeal such an order.  We now turn to the merits of the Law Center's claims.

**III.**

Rule 45(d) provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance:  sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii).  The latter provision applies to non-parties only, while the former applies to parties and non-parties alike.  With little explanation, the district court decided neither to impose sanctions nor to shift costs. Reviewing the district court's denial of discovery sanctions and costs for abuse of discretion and its interpretation of the Federal Rules of Civil Procedure *de novo*, we reverse the district court's denial of costs under Rule 45(d)(2)(B)(ii), but affirm the denial of sanctions under Rule 45(d)(1).

**A.**

Rule 45(d)(2)(B)(ii) states that, when a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." The rule was amended in 1991, and we have not interpreted the rule since its amendment.  The leading Court of Appeals decision to have analyzed the rule since the 1991 amendment is *Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001), which held that the amendment made cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena. *Id.* at 182.  It further noted that "the 1991 changes were intended 'to enlarge the protections afforded persons who are required to assist the court.'"  *Id.* (quoting Fed. R. Civ. P. 45 advisory committee's note to the 1991 amendment).  Based on this analysis, the *Linder* court held that only two considerations are relevant under the rule:  "[1] whether the subpoena

imposes expenses on the non-party, and [2] whether those expenses are 'significant.'" *Id.* If these two requirements are satisfied, "the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'" *Id.*

We agree with the D.C. Circuit's analysis of the amended rule and hold that Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant. The plain language of the rule dictates our conclusion. The rule states that the district court's order compelling compliance with a subpoena "*must* protect a person who is neither a party nor a party's officer from significant expense resulting from compliance," Fed. R. Civ. P. 45(d)(2)(B)(ii) (emphasis added), and provides no exceptions. This language leaves no room for doubt that the rule is mandatory. Thus, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder "non-significant." *See Linder*, 251 F.3d at 182.

Under this regime, we conclude that the district court erred in its interpretation of Rule 45(d)(2)(B)(ii) by framing the issue in terms of undue burden, rather than significant expense. The district court denied costs and sanctions because it found that "[t]he scope of production has been sufficiently limited by the Court such that the cost of producing said documents should not be *overly burdensome*." (Emphasis added.) Rather than considering whether compliance was unduly burdensome, the district court should have considered only whether that cost was significant.

Applying the correct standard, we have no trouble concluding that $20,000 is "significant." *See Linder*, 251 F.3d at 182 (noting that $9,000 may be sufficiently significant to justify cost-shifting). Therefore, the district court was required to shift enough of the cost of compliance to render the remainder non-significant. Accordingly, we reverse the district court's denial of costs under Rule 45(d)(2)(B)(ii) and remand for its determination of the proper allocation of costs.

## B.

Unlike Rule 45(d)(2)(B)(ii), Rule 45(d)(1) is discretionary.[3] Although our precedent on this issue is not extensive, we have provided some guidance for when Rule 45(d)(1) sanctions are appropriate. *See, e.g.*, *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003). Merely losing a motion to compel does not expose a party to Rule 45 sanctions. *See Mount Hope Church*, 705 F.3d at 425–27. Similarly, while failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions. *See id.* at 426. A court

---

[3] Rule 45(d)(1), then labeled 45(c), provided in full:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law. *See id*. at 425, 428; *Mattel*, 353 F.3d at 814.

Considering these factors, we conclude that the district court did not abuse its discretion in declining to impose sanctions under Rule 45(d)(1). Although the district court denied the motion to compel as to eight of the fourteen categories requested, we cannot say that the subpoena was so facially overbroad that the district court's denial of sanctions was an abuse of discretion.

We are also not persuaded that Plaintiffs so clearly acted in bad faith or with an improper motive that we may reverse the denial of sanctions on this ground. We recognize that Plaintiffs requested internal Law Center communications "related to" communications with government decision-makers after their first request was denied. Although this may be an indication of vexatious conduct, a second attempt to compel discovery of internal communications after the first request was denied is not so egregious as to compel a finding of bad faith. Furthermore, Plaintiffs' conduct may have been reasonable, given that there was some ambiguity in the district court's first and second orders. The first order merely listed without discussion the categories for which the motion was granted, and these could reasonably have been read to include internal documents related to communications with government decision-makers. And although the second order was more specific in compelling the production of only external communications, there appears to have remained some uncertainty regarding whether the order encompassed internal documents that recounted communications with government decision-makers. Given that there was at least

some ambiguity in the meaning of the district court's first two discovery orders, we cannot conclude that the district court abused its discretion in finding that Plaintiffs did not necessarily act in bad faith in interpreting the orders in the way they did.

Finally, when considering Rule 45(d) sanctions, we have put "more emphasis on the recipient's burden than on the issuer's motives." *Mount Hope Church*, 705 F.3d at 428–29. Given that we have already determined that some or all of the costs of compliance must be shifted to Plaintiffs under Rule 45(d)(2)(B)(ii), the imposition of sanctions would be largely duplicative, because the mandatory cost-shifting should alleviate the significant burden suffered by the Law Center. Accordingly, we conclude that the district court did not abuse its discretion in denying sanctions under Rule 45(d)(1).

## IV.

For the foregoing reasons, we reverse the district court's denial of costs under Rule 45(d)(2)(B)(ii) and remand for consideration of the proper allocation of costs; further, we affirm the district court's denial of sanctions under Rule 45(d)(1). Appellant shall recover of Plaintiffs-Appellees its costs on appeal.

**AFFIRMED in part, REVERSED and REMANDED in part.**